WALTER A. WOOD REAPING & MOWING MACHINE COMPANY
v. ROBERT E. SMITH.

*Contract of sale—Stipulation that goods must be satisfactory— Warranty— Notice of refusal to accept goods sold.*

A contract for the sale of a machine may be made to include a stipulation that the contract shall be of no effect unless the machine works to the purchaser's satisfaction.

A stipulation in a contract of sale that it shall be of no effect unless the goods are satisfactory is to be construed, according to the circumstances, as reserving to the purchaser the absolute right to reject them without giving any reason, or as binding him to decide on fair and reasonable grounds. In one case his decision cannot be reviewed, but it can be in the other.

Where a contract to buy a harvesting machine rested in an order for it given with great reluctance on the solicitation of the vendor's agent, a warranty by the vendor and a stipulation exacted by the purchaser that the contract should be of no effect unless the machine worked to his satisfaction, it was *held* that the purchaser had reserved the absolute right to reject the machine and that his reasons for doing so could not be investigated.

A warranty of goods sold is enough to protect a contract purchaser who buys on condition that they prove satisfactory, if the fulfillment of such condition is to be a question for a jury.

Where a contract for the sale of a machine includes a provision that "the purchaser shall be allowed —— days use to give the machine a fair trial, and if it should not work well immediate notice must

be given," etc., the period allowed does not begin to run until the machine is entirely out of the vendor's possession; the purchaser is entitled to the full period named in which to try it, and if no period is named, to a reasonable time before giving notice; and the requirement of *immediate* notice must be reasonably construed in view of all the circumstances, such as business engagements, distance and facility of communication.

The measure of damages in an action on a contract is affected by the form of the claim asserted.

Error to Jackson.   (Huntington, J.)   Apr. 26.—June 6.

Assumpsit.   Defendant brings error.   Reversed.

*G. T. Gridley* and *Thomas A. Wilson* for appellant.   An endorsement on a contract of sale that it is to be of no effect unless the machine works to the purchaser's satisfaction, gives the latter the right to reject the goods without giving any reason for doing so: *Gibson v. Cranage* 39 Mich. 49; *Brown v. Foster* 113 Mass. 136; *Tyler v. Ames* 6 Lans. 280; *McCarren v. McNulty* 7 Gray 139; *Mowbray v. Cady* 40 Ia. 604; and it is immaterial that he ought to have been satisfied: *Gray v. Central Railroad* 11 Hun 70.

*Hammond, Barkworth & Smith* for appellee.

Graves, C. J.   This action was brought originally before a justice of the peace.   The pleadings were put in orally. The declaration was stated as being " on all the common counts in assumpsit and on a written contract by which defendant agreed to buy and receive from plaintiff a certain agricultural machine for the sum of three hundred dollars; claim, $300 or under damages."   The defendant stated that he " pleaded the general issue and gave notice of proof that the machine did not answer the requirements of the contract."

The mention of a written contract referred to three simultaneous writings.   *First*, a paper in the form of an order by the defendant on the plaintiff, which was obtained from the defendant by Mr. Price, the plaintiff's soliciting agent, after considerable effort.   *Second*, a paper called a

warranty delivered by the agent at the same time to the defendant; and *third*, a special written stipulation, exacted by the defendant, and given on the same occasion. These papers, except the last, were printed blanks. There was originally between the word "allowed" and the word "days" in the second paper the figure *one*, but at the time the papers were exchanged and the terms arranged, this was stricken out and it subsequently became a question whether anything was inserted in its place. This subject will be again noticed further on. These several writings appear below.

The justice rendered judgment for the plaintiff for damages $104.36 besides costs, and the defendant appealed. In the circuit court the cause was tried before a jury on the same pleadings and a verdict entered for the plaintiff in the sum of $300. This was on the 21st of June, 1881. The defendant objects to several rulings of the circuit judge.

It appears from the case that about the first of July, 1880, the plaintiff by its agents produced a machine at the defendant's farm and that Laverty and Jenkins then set it up. The time for cutting had not yet arrived. It appears, also, that these men were skilled machinists and experts in putting together, fixing and running these implements and were in the plaintiff's general employment to start new sold machines, make them work as required by the terms of sale, instruct buyers how to use them, and generally to look after the operation of the machines during any permitted time of trial.

Price, the soliciting or selling agent, kept his agency at Jackson, and the place of the defendant was in the township of Columbia in Jackson county and his post office was at Brooklyn in the same township. These places were several miles distant from Jackson.

In the afternoon of the 5th of July, being Monday, Laverty took the machine to the field and went round three times with it and continued on the forenoon of the next day, the 6th, until about 11 o'clock, and then went away. On the succeeding afternoon, namely, the 7th, Jenkins came and took Laverty's place, and according to defendant's testi-

mony, which is not opposed, continued "off and on, three or four days" in handling and fixing the machine, and trying to make it work properly. And, according to Price's testimony, Jenkins reported to him that he found the machine out of order and not doing good work and that he put it in order, but thought it would not stay so because it was in the hands of unskillful people.

The defendant gave evidence that Jenkins acknowledged his inability to make the machine operate as it ought to. He further gave evidence that he sent word by Jenkins to Price of the misconduct of the machine; and that he asked Jenkins where Price was and was answered that Price would be there the next day; that Price did not come, however, and on Saturday, the 17th, he, the defendant, wrote him that the twine binder made poor work and that he could not keep it. This note was postmarked at the Brooklyn office on Monday the 19th, and on the next day, but before the letter was received, Price went to defendant and a controversy immediately occurred between them. The defendant stated that it was the bargain that the machine was to be satisfactory to him, and that he was to have the whole of harvest to test it. He produced the warranty on Price's request, and the latter then claimed that it fixed the time of trial at two days—that the figure "2" was inserted over the crossed figure "1" in the printed blank, and that the defendant having held on beyond the time given, he was bound to keep the machine and pay for it according to the written terms. The defendant disputed this position and insisted that he was not to be liable unless the machine was satisfactory to him, and that it was orally understood that he should have the whole period of harvest to satisfy himself, and, moreover, that the figure "2" was not inserted as stated by Price.

The notes mentioned in the order were tendered by Price for execution, but Smith refused to sign them and refused to have the machine.

It is admitted by Price that his motive in putting in the figure "2" over the erased figure "1" was not entirely

ingenuous. He says he became afraid that his express stip-
ulation that the contract should be of no effect unless the
machine worked to Smith's satisfaction (and without which
stipulation it was impossible to get the order), would wholly
displace and supercede the *printed* conditional warranty un-
less he wrote something in it, at the very time, which would
change the presumption; and so he made the figure "2"
over the figure "1" and then read the whole to the defend-
ant. He also denied having received any notice of defend-
ant's dissatisfaction prior to his call on the 20th of July.
There was evidence, as we have seen, tending to show that the
machine performed badly, and other evidence that it worked
remarkably well, and that the defendant acknowledged to
third persons that he was satisfied with it, or to that effect.

The questions chiefly material are, first, the character of
the defendant's right, under the special stipulation, as to
rejecting the machine, and second, the meaning of the pro-
vision requiring immediate notice after the term of trial.

The circuit judge was not able to say on inspection
whether the place mentioned in the printed warranty, actu-
ally contained the figure "2," as claimed by Price, or not,
and he therefore left it as a question of fact to the jury.
He ruled, however, that in case they found that the figure
was not there, the provision would then necessarily imply
that the period should be a reasonable time, and he added
such hypothetical instructions as he was of opinion the
circumstances called for. In regard to the defendant's
right to reject the machine he charged substantially that
unless there were real faults in its operation for which the
defendant might fairly entertain dissatisfaction with it, he
was not at liberty to regard himself as not satisfied and
refuse to accept, and on the other hand even in case real
grounds existed for dissatisfaction, but he kept the machine
beyond the time within which he was to give notice that it
did not work satisfactorily to him, he was still bound.

The cases where the parties provide that the promisor is
to be satisfied, or to that effect, are of two classes; and
whether the particular case at any time falls within the one

or the other must depend on the special circumstances and the question must be one of construction.

In the one class the right of decision is completely reserved to the promisor and without being liable to disclose reasons or account for his course, and a right to inquire into the grounds of his action and overhaul his determination is absolutely excluded from the promisee and from all tribunals. It is sufficient for the result that he willed it. The law regards the parties as competent to contract in that manner, and if the facts are sufficient to show that they did so, their stipulation is the law of the case. The promisee is excluded from setting up any claim for remuneration, and is likewise debarred from questioning the grounds of decision on the part of the promisor, or the fitness or propriety of the decision itself. The cases of this class are generally such as involve the feelings, taste or sensibility of the promisor, and not those gross considerations of operative fitness or mechanical utility which are capable of being seen and appreciated by others. But this is not always so. It sometimes happens that the right is fully reserved where it is the chief ground, if not the only one, that the party is determined to preserve an unqualified option, and is not willing to leave his freedom of choice exposed to any contention or subject to any contingency. He is resolved to permit no right in any one else to judge for him or to pass on the wisdom or unwisdom, the justice or injustice of his action. Such is his will. He will not enter into any bargain except upon the condition of reserving the power to do what others might regard as unreasonable. The following cases sufficiently illustrate the instances of the first class. *Gibson v. Cranage* 39 Mich. 49; *Taylor v. Brewer* 1 M. & S. 290; *McCarren v. McNulty* 7 Gray 139; *Brown v. Foster* 113 Mass. 136; *Zaleski v. Clark* 44 Conn. 218; *Rossiter v. Cooper* 23 Vt. 522; *Hart v. Hart* 22 Barb. 606; *Tyler v. Ames* 6 Lans. 280.

In the other class the promisor is supposed to undertake that he will act reasonably and fairly, and found his determination on grounds which are just and sensible, and from

thence springs a necessary implication that his decision in point of correctness and the adequacy of the grounds of it are open considerations and subject to the judgment of judicial triers.   Among the cases applicable to this class are *Daggett v. Johnson* 49 Vt. 345; and *Hartford Sorghum Mfg. Co. v. Brush* 43 Vt. 528.

To which of these classes does this case belong? The answer is not difficult.   The facts are very distinct.   The plaintiff's own evidence is cogent that the defendant was extremely shy, and would enter into no arrangement except upon the terms of doing as he liked about keeping the machine after testing it.   His mind was fixed immovably that no chance should be left to force the article upon him unless he finally chose to take it; and the special stipulation was specifically drawn and executed to meet this purpose and thereby induce the defendant to concur in an arrangement.   Had it been the intention that he should be liable in case the performance of the machine were such, in the opinion of a jury, as to deserve his approval it would have been quite unnecessary to get up the special writing.   The original printed warranty would have answered the purpose.   The transaction was one belonging to the first class, and the circuit judge was mistaken in deeming it otherwise.

The question concerning notice is now in order.   The circuit judge very properly informed the jury that the defendant was not at all answerable for the space of time during which the plaintiff's agents occupied themselves in trying to make the machine work well, and that the time chargeable to him only began when they quit, and from thence ran on, whether he was in fact entitled to a reasonable time thereafter or to only two days.   But he further stated that the defendant was bound to see that Price had actual notice, if such was the case, that the machine did not work to his satisfaction, and further that he was bound to see that Price had this notice within two days after the agents quit, in case the figure " 2 " was in the printed warranty, or, if it was not in, then within a reasonable time after that event.

This instruction was not proper on any theory.   It held

that in case the figure " 2 " was in the warranty the defend-
ant was bound not only to complete his own trial of the
machine during the first interval of two days, but also to
see to it that Price within the same period had actual notice
that it did not work well, if such was the result of the test.

Now it is very obvious that more than the whole two
days may have been necessary to reach Price and notify
him.    But this is not all.    The printed warranty whatever
its influence, if any, here, appropriated the whole of this
period to the business of a test by the defendant, and post-
poned the necessity of starting to give notice till the expira-
tion of it. ·

It may be expedient to add a word on this branch of the
controversy.    According to the terms, as we have seen, of
the printed warranty, the purchaser, in case of the failure
of the machine to work well during the space allowed for
trying it, must give immediate notice to the selling agent.
This provision for immediate notice does not mean the
shortest time possible in which notice could be given.    The
terms must receive a sensible interpretation—an interpreta-
tion favorable to the general object and consistent with the
surrounding conditions.    It would be necessary to make
allowance for the engagements of the parties, the distance
between them, the facility of communication, and any
other incidents having a bearing.    No greater dispatch
would be implied than such as would be fairly just and rea-
sonable in view of all the circumstances.    *Atwood v. Emery*
1 C. B. (N. S.) 110 ; *Staunton v. Wood* 16 Q. B. 638 ; *Rob-
erts v. Brett* 11 H. L. Cases 337 ; *Toms v. Wilson* 4 B. &
S. 442–455 ; *Massey v. Sladen* L. R. 4 Exch. 13 ; *Tennant
v. Bell* 9 Q. B. 684 ; *Spenceley v. Robinson* 3 B. & C. 658 ;
*Thompson v. Gibson* 8 M. & W. 281 ; *Waddell v. Reddick*
2 Ired. L. 424.

Complaint is made that the recovery was excessive even
if the plaintiff were entitled to prevail.    And the point is
that by the terms of the transaction three notes were to be
given and that the time of one only had expired when the
suit was commenced.

It is hardly worth while to go into that question now. From the pleadings and facts in the record it is not easy to discover the theory on which the case proceeded ; but hereafter the real ground of action may be distinctly indicated. The measure of damages as well as the course of proof would be affected by the form of claim asserted in the transaction. Benjamin on Sales § 765 and notes (1st Am. ed.).

The other points are of no importance.

The judgment must be reversed with costs and a new trial granted.

COOLEY and CAMPBELL, JJ. concurred.