THE TENNESSEE MANUFACTURING CO. *vs.* WILLIAM L. HAINES.

A. agreed to pay B. certain money in compromise, if certain belting should after three years use show any cause to dissatisfy G., the agent of B., the money to be paid "promptly on demand of said G. or his successor without the intervention of third parties, the matter to rest solely on the decision of said G. or his successor."

In *assumpsit* by B. against A. on this agreement, A. pleaded that G. had no cause of dissatisfaction with the belting, and no reasonable ground to decide that the money should be paid.

*Held*, on demurrer, that the plea, not alleging fraud on the part of G., was insufficient, and made no answer to the action.

*Held*, further, that the agreement to abide by the decision of G. was of the essence of the compromise.

*Held*, further, that the decision of G. was final, unless impugned for fraud.

ASSUMPSIT.    On demurrer to the plea.

*April* 28, 1888.    DURFEE, C. J.    This is *assumpsit* against the defendant as surviving partner of the firm of Edward Page & Co., on a note or contract executed by said firm, on the second day of July, A. D. 1883, in the words and figures following, to wit:

" In consideration of the hereinafter mentioned facts, we, Edward Page & Co., promise to pay to the order of the Tennessee Manufacturing Company, on their demand, the sum of five hundred dollars, in lawful money of the United States.

" The foregoing note is made because of the fact that we, Edward Page & Co., of Lawrence, Mass., contracted to make for the Tennessee Mfg. Co. a lot of belting, contracted to be as good in quality and workmanship as any to be bought in the market, and we having shipped and delivered a lot of said belting amounting in value to $6,263.73, which belting does not prove satisfactory to the Tennessee Manufacturing Company, which in their opinion does not come up to the contract. Now in order to adjust said difference, and conceding that there exists a show of justice in their position, we agree to pay the above note on the demand of George M. Goodwin, treasurer of said company, or his successor, in order to compensate them for any inferiority that may be found in said belting, if after three years' use said belting shall show any cause to dissatisfy said Goodwin, or his successor, or prove in any way unsatisfactory, either from actual failure or from prospective disadvantage to said Tennessee Mfg. Co. in continuing the use of any of the belts furnished as before mentioned.

" It is understood that this agreement and contract binds us to pay said five hundred dollars promptly, on demand of said Goodwin, or his successor, without the intervention of third parties, the matter to rest solely upon the decision of said Goodwin, or his successor.

" The consideration for this note consists of the premises, and

also that the Tennessee Mfg. Co. has declined to receive from us the sum of three hundred dollars, on the spot, in settlement of said difference. It is understood that the foregoing does not cover for any accident that may occur to said belts, but pertains only to the wear and tear of operating said company's machinery with said belting."

The declaration alleges the occurrence of the circumstances and contingencies necessary under the contract to fix the defendant with liability, and a demand upon him for the payment of the note by Goodwin, treasurer of the plaintiff company.

The defendant pleaded specially "that, after said three years, when, etc., said belting showed no inferiority, and showed no cause to dissatisfy said Goodwin, and did not prove in any way unsatisfactory, either from actual failure or from prospective disadvantage, but that said belts were of superior quality and workmanship, and in every way fulfilled all and singular the terms and conditions of the contract between said parties for the purchase of the same, and that said Goodwin had no reasonable ground whereon to decide that said five hundred dollars should be paid."

The plaintiffs demurred to the plea.

It appears from the foregoing that the defendant's firm, after conceding that there was a show of justice in the company's claim, and offering to pay $300 to settle with them, gave the note in compromise, to be paid if after three years' use the belting was found not to meet the requirements of the compromise, Goodwin, or his successor, to be the sole judge whether the belting did meet them or not. In other words the note was to be paid on demand, if after three years' use of the belting Goodwin decided adversely to the belting that it should be paid. The plea does not deny that Goodwin has decided adversely to the belting, but sets up in effect that the belting did meet the requirements of the compromise, and that Goodwin had no reasonable ground whereon to decide that said five hundred dollars should be paid. The question is whether the defence is sufficient.

We think the agreement to abide by the decision of Goodwin, after a three years' use of the belting, was the essence of the compromise, and that in the absence of fraud his decision is conclusive. The plea does not allege fraud. It alleges that the belting

answered the requirements of the compromise, and that Goodwin had no reasonable ground for his decision; but this may be true and yet his decision be honest. The plea cannot stand consistently with the stipulation to pay the note promptly on demand by Goodwin, without the intervention of third parties, the matter to rest *solely* on his decision. The stipulation was in effect a submission of the matter, after the three years' use, to the unconditional arbitration of Goodwin, and it is settled that under such a submission the judgment of the arbitrator, fairly formed, is conclusive. *Cutler* v. *Wall*, 9 R. I. 264; Morse on Arbitration and Award, 214, and cases cited in notes. To hold otherwise would be to frustrate the very object of the submission, namely, the avoidance of litigation. The contract in the case at bar likewise resembles a class of contracts in which the agreement is that the one party shall not be required to accept and pay for a thing made for or furnished to him by the other, unless upon trial he is satisfied with it. In cases growing out of such contracts it has generally been held, even in the cases which are most favorable to the defendant, that it is not enough for the furnisher to show that the other party ought to be satisfied, or that he has no good reason to be dissatisfied, if in point of fact he is really and not merely pretendedly dissatisfied. *Baltimore & Ohio R. R. Co.* v. *Brydon*, 65 Md. 198, 225, 226, 611; *Wood Reaping and Mowing Machine Co.* v. *Smith*, 50 Mich. 565; also 45 Amer. Rep. 57, *McClure* v. *Briggs*, 58 Vt. 82; *Singerly* v. *Thayer*, 108 Pa. St. 291. It has been said that the rule is applied less rigidly toward the furnishers where the person to be satisfied is not the other party, but a third person, even though he be an agent or employee of the other party. But, in regard to such third person, it has been laid down that nothing short of fraud or *mala fides* will dispense with the strict legal effect of the condition precedent. *Baltimore & Ohio R. R. Co.* v. *Brydon*, 65 Md. 198, 227.

*Demurrer sustained.*

*Charles P. Robinson*, for plaintiff.
*Edward D. Bassett*, for defendant.