HOUSDING *v.* SOLOMON.

1. CONDITIONAL SALE—CONSTRUCTION OF CONTRACT—SATISFACTION OF BUYER.

Where plaintiff purchased horses of defendant under a written agreement that, if they should not suit, defendant would give other horses in place of them, the sale was conditional on the horses finally furnished suiting pláintiff, of which question he was the sole judge.

2. SAME—RESCISSION—OFFER TO RETURN.

It was not necessary, to entitle plaintiff to rescind, to offer to return the horses; notice that they were unsatisfactory being sufficient.

3. SAME—REASONABLE TIME—INSTRUCTIONS.

Where, in an action for the breach of such contract, there was evidence that defendant knew from the day after the sale until the commencement of suit, some seven months thereafter, that the horses were not satisfactory, and that plaintiff wanted a new team, an instruction that, if the horses did not suit after a reasonable trial, it was plaintiff's duty to notify defendant within a reasonable time, giving sufficient reasons therefor, and give defendant an opportunity to furnish other horses, was sufficiently favorable to defendant.

4. SAME—ACCEPTANCE OF SUBSTITUTED PROPERTY.

Plaintiff was not concluded by his acceptance of a horse offered by defendant in exchange for one of the originals, if the

acceptance was conditional on the horse proving satisfactory, and with the understanding that the original agreement should remain in force.

5. SAME—DAMAGES—INSTRUCTIONS.

If the sale was regularly rescinded, plaintiff was entitled to recover the purchase price; and a judgment therefor, based on a finding of rescission, will not be disturbed because of an erroneous instruction as to the measure of damages.

Error to Grand Traverse; Mayne, J. Submitted January 30, 1901. Decided July 19, 1901.

*Assumpsit* by William L. Housding against Leo Solomon for the breach of a contract of sale. From a judgment for plaintiff, defendant brings error. Affirmed.

*Pratt & Davis*, for appellant.

*Manly C. Dodge*, for appellee.

MONTGOMERY, C. J. On May 8, 1899, plaintiff purchased of defendant's agent a span of horses, giving in payment therefor one horse, at an agreed price of $50, and two promissory notes, of $75 each. Defendant's agent at the same time gave plaintiff a paper writing as follows:

"TRAVERSE CITY, MICH., May 8, 1899.
"I sold this day to William L. Housding one pair of horses. Those horses are good in the wind; good to work; no spavin or ringbone. If either of those two horses should not suit, I will exchange, and give him another horse in place of them.
"HERMAN HYMAN."

Plaintiff testified that he stated to Hyman the following day that the horses did not suit him. Fourteen days later, Hyman brought to plaintiff a gray mare, which he exchanged for one of the horses. Plaintiff testified that he objected to this horse, and told Hyman that their agreement would stand, and that Hyman either nodded his head or gave no answer; also that plaintiff told Hyman at this time that the other horse did not suit. Plaintiff

also testified that he notified defendant personally some time in July that the horses did not suit, and asked for another team; and again some time before the commencement of this action, at which time defendant showed him a pair of small ponies, which he did not want, as they were too small. On the day upon which this action was begun,— November 27, 1899,— plaintiff drove the team to Mr. Brodhagen's barn, and had a conversation with defendant, in which he offered to return the horses, and demanded another team. Defendant refused to furnish him another team unless he would pay the difference. Plaintiff thereupon unhitched the team and took them to his home.

The jury answered the following questions, submitted by defendant, in the affirmative:

"1. Did the plaintiff, at any time after May 22, and before November 27, 1899, offer to return the horses in controversy to the defendant?

"2. Did the defendant ever refuse to furnish a team to plaintiff?"

The declaration is in *assumpsit*, counting upon damages arising out of the alleged breach of contract by defendant in delivering a different team than represented. Plaintiff recovered a judgment of $200.

Defendant contends that a verdict should have been directed for defendant, on the ground that plaintiff did not offer to return the horses within a reasonable time; that "plaintiff could not use the horses after he had had a reasonable time in which to try them, and speculate at our expense." That part of the agreement which was put in writing is construed by defendant as a warranty against the particular defects mentioned, while plaintiff contends that it renders the transaction a conditional sale; the condition being that the horses finally furnished should suit plaintiff.

If the last sentence of the paper writing was intended to have any effect at all, it meant that defendant would give in exchange horses which should prove satisfactory.

Certainly it did not mean that defendant would give in exchange such horses as he pleased. The exchange must at least be assented to by plaintiff at the time of making it. It follows that the two horses originally received became the property of plaintiff subject to his right to rescind until he waived his right to declare them unsatisfactory, either by delay in notifying defendant that they did not suit, or otherwise; nor would any horses offered in exchange become his until he accepted them. So construing the contract, it is clear that the plaintiff is the sole judge of the question of whether the horses suit or not. *Walter A. Wood Machine Co.* v. *Smith*, 50 Mich. 565 (15 N. W. 906, 45 Am. Rep. 57); *Plano Manfg. Co.* v. *Ellis*, 68 Mich. 101 (35 N. W. 841); *Platt* v. *Broderick*, 70 Mich. 577 (38 N. W. 579). And he need not return the team. Notice that it was unsatisfactory was sufficient. *Phelps* v. *Whitaker*, 37 Mich. 77; *McCormick Machine Co.* v. *Cochran*, 64 Mich. 641 (31 N. W. 561).

There was plenty of evidence from which the jury might have found that defendant, through his agent, and later personally, knew during the entire period, from the day after the trade until the commencement of the suit, that the horses were not satisfactory to the plaintiff, and that he wanted a new team, according to the terms of the writing. There was also evidence tending to show that the gray mare was accepted only on condition that she should suit plaintiff,—that "the agreement would stand." The circuit judge instructed the jury that, if the horses did not suit after a reasonable trial, it was the duty of the plaintiff to notify defendant of the fact, giving his reasons therefor, and give defendant an opportunity to furnish another horse; and that "there must exist some sufficient reason why the horse didn't suit him, and the claim must have been made within a reasonable time." He also left to the jury the question of whether it was understood that the contract should remain in force as to the new horse. These instructions were sufficiently favorable to defendant.

Defendant excepted to the following instructions:

" 'If you should find from the evidence, that plaintiff did not accept said horses, or waive or release his right to have a team that suited him,'—that is, under the law as I have given it to you,—'and that he was not suited with said horses, and that defendant or his agent, Herman Hyman, knew before the commencement of this suit that said horses did not suit, and had an opportunity to furnish a team that did suit, or take back said horses and surrender the notes given therefor, and refused to do so, then you are instructed that your verdict should be for the plaintiff.' This whole instruction, gentlemen, is to be taken by you in connection with the charge given on my own motion. 'And, if you do so find, I charge you further, in connection with the question of damages, that the plaintiff would be entitled to recover against the defendant all that he has lost or suffered by reason of the failure of the defendant to furnish plaintiff with a team that suited him, as shown by the evidence in this cause. As a part of such damages, it would be your duty to allow to plaintiff whatever he paid to the defendant, namely, $50 allowed for the horse received as part of the purchase price, and $150 paid by the two notes given by the plaintiff, and whatever the evidence may convince you the plaintiff has suffered in addition thereto.' The only evidence in addition to this, gentlemen, would be the sum of $11 for farm work. It is for you to say whether or not he is entitled to that sum of $11, under the evidence in the case, just the same as whether he is entitled to this $200 or not."

The judgment was for the purchase price of the team. Taking that portion of the above charge which relates to the circumstances under which the verdict should be for the plaintiff, in connection with the other portions of the charge referred to above, it seems clear that the jury, to reach this verdict, must have found such facts as would prevent the conditional sale from being completed. If the sale was rescinded, the verdict should be for the purchase price. It is clear, therefore, that the result reached was correct. Hence the balance of the instruction as to the measure of damages was not prejudicial.

The judgment is affirmed.

The other Justices concurred.