SHERROD v. DUFFY.

1. BILLS AND NOTES — CORPORATIONS — CONDITIONAL STOCK SUB-SCRIPTION.

   A stockholder who subscribes on condition that a proposed creamery shall be satisfactory, and gives notes for his stock on such condition in writing, is not liable on the notes in the hands of a holder with notice, if he is not satisfied with the creamery, whether his dissatisfaction is reasonable or unreasonable.

2. SAME—CONTRACTS—WAIVER OF CONDITION.

   By making payments on the notes through third parties, who paid the several amounts without authority from the defendant, he did not waive the conditions of his contract.

3. APPEAL AND ERROR—EVIDENCE—HARMLESS ERROR.

   Where a party opens the door to incompetent evidence by an introduction of the same, he cannot complain of the admission of similar testimony on the same matter for the opposite party.

4. PRINCIPAL AND AGENT—RATIFICATION.

   Accepting notes obtained by an agent who grants unauthorized conditions upon the liability of the maker, constitutes a ratification of the entire transaction.

Error to Missaukee; Chittenden, J. Submitted Feb-

ruary 18, 1910. (Docket No. 62.) Decided March 19, 1910.

Assumpsit by Sumler J. Sherrod and Glover A. Nash against Martin Duffy upon promissory notes. A judgment for defendant is reviewed by plaintiffs on writ of error. Affirmed.

*Jesse R. Cropsey,* for appellants.

*Gaffney & Miltner,* for appellee.

MOORE, J.    This case was commenced for the recovery of the amount of three notes executed by the defendant on the 26th day of October, 1905, to the Burnap Building & Supply Company, and by them indorsed to the plaintiffs without recourse.  The defendant pleaded the general issue and gave notice that at the time of the execution of said notes an agreement in writing in connection therewith was made, which will appear later; that this agreement was made before the notes were given, was put in writing at the time the notes were given, and was known to plaintiffs at the time the notes were transferred to them.

Martin Duffy was a merchant at Lake City.  The creamery was erected at Arlene, where Mr. Duffy was a partner in the Arlene Mercantile Company.  Mr. Duffy denies authorizing any written subscription for stock, but admits a settlement when the notes were given, at which time and in connection with the notes a writing was given as follows:

"$300.00.
"BURNAP BUILDING & SUPPLY CO.,
          "Toledo, O.
"Certifies that Martin Duffy has paid $300 (Cash $50, notes $250) in full of that amount subscribed by him on a contract for a butter factory at Arlene, Michigan, and is entitled to a corresponding number of shares in said factory as provided in said contract.
"Notes are not accepted as payment or satisfaction of

the contract until the same are fully paid.   Notes void if factory is not satisfactory.

"Burnap Building & Supply Company,
   "Per J. B. Dick, Special Agent."

It is the defendant's claim that the $50 was paid by receipting a store bill at Arlene; that the second $50 was paid at that time at the Arlene store by Mr. Duffy's partner; that the third $50 was paid without the knowledge, consent, or authority of Mr. Duffy, at the Missaukee County Bank, by being charged to his account.   The balance of the notes Mr. Duffy refused to pay for the reason that, as the creamery did not prove satisfactory to him, the notes were not to be paid.   No contract or subscription agreement was offered in evidence.   The plaintiffs were content to offer simply the notes in evidence.   There was no claim that plaintiffs were bona fide holders for value without notice of any defense that might have been made had the payee sued.

We quote sufficient of the charge to raise the important question in the case:

" The only questions for you to pass upon are whether or not these notes were given with this express understanding that Mr. Duffy should not pay them if he was dissatisfied with this creamery, and if you find that they were given with that express understanding, and that these plaintiffs took these notes under that express agreement, and that Mr. Duffy did express himself as dissatisfied with this factory or creamery, then your verdict will be no cause of action.

" If you find that no such agreement was made, and that Mr. Duffy did not express himself as dissatisfied with the factory, then your verdict will be for the plaintiff for $150, with interest from October 26, 1905, at the rate of 6 per cent. per annum."

Plaintiffs insist this was error, and that the jury should have been told that the case came within the class of cases where the promisor is supposed to undertake that he will act reasonably and fairly, and found his determination on grounds that are just and sensible, and that the grounds of his decision in that case are open to consideration and

subject to the judgment of the courts—citing *Schliess* v. *City of Grand Rapids*, 131 Mich. 52 (90 N. W. 700). The testimony of defendant tended to show that he declined to subscribe for any stock in the proposed creamery upon any other condition than that the creamery should work to his satisfaction; that, to make it certain there should be no misunderstanding when the notes were given, he insisted upon the written agreement being made. The case is unlike *Schliess* v. *City of Grand Rapids, supra.* The creamery was not put up on land owned by defendant. At most, he only contemplated becoming a stockholder. He had a right to say upon what terms he was willing to become a stockholder. See *Gibson* v. *Cranage*, 39 Mich. 49 (33 Am. Rep. 351); *Walter A. Wood Machine Co.* v. *Smith*, 50 Mich. 565 (15 N. W. 906, 45 Am. Rep. 57); *Pierce* v. *Cooley*, 56 Mich. 552 (23 N. W. 310); *Plano Manfg. Co.* v. *Ellis*, 68 Mich. 101 (35 N. W. 841); *United States Electric Fire-Alarm Co.* v. *City of Big Rapids*, 78 Mich. 67 (43 N. W. 1030); *Sax* v. *Railway Co.*, 125 Mich. 252 (84 N. W. 314, 84 Am. St. Rep. 572); *Housding* v. *Solomon*, 127 Mich. 654 (87 N. W. 57).

The court was asked to charge the jury as follows:

"(4) The jury are further instructed that if they find that the defendant, Martin Duffy, after the notes in question were given, paid a part of the same, or if they were paid by his agents as claimed by him, and that soon after the payment of the same the same was brought to his notice, and he made no protest nor notified the company that the notes were paid without his knowledge or consent, then, in that case, this would constitute an acceptance of the contract, and waiver of any other warranties as claimed by the defendant."

The court declined to give this request, and it is said he erred in so doing. There are several reasons why the request should not have been given. The contract was not offered in evidence. The case is predicated upon the notes. The writing given to defendant when the notes

were given provides when, if at all, the notes shall become void.

The two questions we have discussed are regarded by counsel as his two main propositions, but he presents others which he does not waive. Some of them relate to the admission of testimony upon a phase of the case where the door was thrown open by the examination of the plaintiffs by their own counsel. Others relate to the testimony as to the agency of J. B. Dick, who obtained the notes and gave back the written agreement. The evidence is clear that the giving of all these papers constituted one transaction. Having taken over the notes obtained by Mr. Dick and bringing suit upon them, it is too late to question his agency. The other assignments of error do not require any further reference be made to them.

Judgment is affirmed.

HOOKER, McALVAY, BROOKE, and STONE, JJ., concurred.