## PURFIELD *v.* SCHLEICHER.

SPECIFIC PERFORMANCE—LEASES—COVENANTS.

> In a suit by the lessee for the specific performance of a covenant in a lease to install at lessor's expense a modern store front in a corner building satisfactory to plaintiff, the finding of the court below that said contract did not contemplate the installing of a front on the side street as well as on the front, as contended by plaintiff, *held* correct.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 16, 1921. (Docket No. 71.) Decided October 3, 1921.

Bill by William P. Purfield against Frederick G. Schleicher for the specific performance of a contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Arthur Brown* (*E. R. Sunderland,* of counsel), for plaintiff.

*Cavanaugh & Burke* (*Henry C. Bogle,* of counsel), for defendant.

CLARK, J. The bill seeks specific performance of a covenant in a lease of the first floor and basement of a store building for a term of approximately 10 years. The covenant:

"And the said party of the first part (the defendant) further agrees to install, at his own expense, before September 1st, 1919, a new modern store front complete, consisting of two show windows with tiled entrance and enclosed backs, and of a design satisfactory to the said second party (the plaintiff), the said second party, however, to pay the said first party ten per cent. per annum of the entire cost of said

improved front and after the completion of the same during the continuance of this lease. Payment to be made in monthly installments and paid at the time the monthly rent is paid to said first party." ·

The building was on the corner of Liberty and Fourth streets in Ann Arbor, facing Liberty street. Originally, it was of two stories, having eight-inch brick walls. Later, a third story was added. The walls were somewhat cracked by settling. Other tenants used the upper stories.

About September 3, 1919, plaintiff obtained from an architect plans and specifications for the store front, satisfactory to him, and submitted them to defendant, requesting construction. Defendant consulted a builder, who advised that the proposed front would cost more than $3,000. The store property had cost $5,500. Defendant refused the front proposed. Defendant's principal objections were: The proposal was too expensive, beyond the cost contemplated; the plan called for the removal of a brick pier at the corner and the substitution of a steel column, with consequent shoring to support the upper stories, risk incident thereto, and the invasion of an upper story; and the construction of two fronts, one on each street, was requested.

The bill prayed:

"A decree requiring the defendant to specifically perform the said contract in respect to the construction of said store front by at once taking steps to install a store front substantially like the store front so designed, planned and specified by the plaintiff."

The trial court found:

"I am of the opinion that the plaintiff is not entitled to the relief asked. The testimony of witness Pipp that he was called by the plaintiff after the plaintiff had entered into the lease in question, to prepare plans and specifications of a double front facing on

East Liberty street, stands uncontradicted. I do not believe the lease entered into contemplated a front to be built on Liberty street and another front to be constructed on Fourth avenue. The specifications provide 'cornice: Box around "I" beam lintels on both Liberty street and Fourth avenue fronts, framing all work as shown.

" 'Before ordering structural steel the mason contractor shall verify all dimensions and determine size and exact location and shall check walls of both fronts for steel location of present lintel at Liberty street front.'

"Thus it seems to me that in contemplation of the plaintiff he is demanding that a double front or two fronts comprising show windows shall be placed in said building when as a matter of fact it would seem that the lease does not comprehend such action by the defendant."

The bill was dismissed. Plaintiff has appealed.

Plaintiff contends that this is a "satisfaction contract," that no materials were named, that there was no limit of cost, and that the design was to be satisfactory to him. He testified:

"I could dictate; the contract would allow me to. I can dictate any old thing I want to and Mr. Schleicher was liable for it, that is the way the contract reads."

And he further contends that this contract is—

"one where the personal taste, feeling, sensibility, fancy, or individual judgment of the party to be satisfied, are especially involved. * * * It is * * * with him purely a personal matter of which he is made the sole judge. It is his right to say whether he is satisfied or not, it cannot be left to another to say that he ought to be satisfied," citing *Wood Reaping & Mowing Machine Co.* v. *Smith*, 50 Mich. 565 (45 Am. Rep. 57) ; *United States Electric Fire Alarm Co.* v. *City of Big Rapids*, 78 Mich. 67; *Housding* v. *Solomon*, 127 Mich. 654; *Isbell* v. *Anderson Carriage Co.*, 170 Mich. 304; *Schmand* v. *Jandorf*, 175 Mich. 88 (44 L. R. A. [N. S.] 680, Ann. Cas. 1915A, 746) ; *Holton* v. *Monarch Motor Car Co.*, 202 Mich. 271;

*McCarren* v. *McNulty,* 7 Gray (Mass.), 139; *Barnett* v. *Beggs,* 208 Fed. 255, 125 C. C. A. 455.

Defendant contends that plaintiff must be denied relief here prayed because:

(1)  The proposed plans and specifications are not in accordance with the contract.

(2)  The plaintiff has not acted in good faith.

(3)  Specific performance of this agreement may not be granted; the remedy is at law.

We think, as did the trial court, that the proposed plans and specifications were not in accordance with the contract. The finding above quoted as to "two fronts" is criticized, and counsel for plaintiff insist that the building of a front or show window on Fourth street was but a necessary incident to constructing a store front on this corner building. But the changes proposed for the Fourth street side were substantial, expensive, involving the enlargement of the window there and the construction of a "front." This, as pointed out by the trial court, was recognized by the architect. It was beyond the contract.

Though unnecessary to a decision of the case, we may in passing express doubt that the installing of the steel column with its incidents above set forth can be claimed in good faith to be within the contemplation of the contract. It is, therefore, unnecessary to consider further the question of good faith. And we need not determine whether this contract is of the class claimed by plaintiff, nor whether specific performance might be decreed.

The decree is affirmed, with costs to defendant.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.