WELLMAN PIPE LINE CO. *v.* ALLEGAN COUNTY SHERIFF.

1. SALES—POSTDATED BILL OF SALE—ESCROW.

Postdated, unrecorded bill of sale, put in escrow to be delivered to plaintiff corporation in case of default of a third party in payment of money to plaintiff, given by a second corporation to plaintiff at a time when it owed no indebtedness to plaintiff and not to secure payment of any debt *held*, but a re-transfer of title to plaintiff of property it had conveyed by bill of sale to second corporation at time of execution of both bills of sale.

2. SAME—BILL OF SALE—POSTDATED BILL OF SALE—THIRD PARTY'S OPTION—CONDITION SUBSEQUENT—TITLE.

Trilateral agreement whereby first corporation gave bill of sale of its assets, including pipeline, to second corporation, latter agreed to transfer certain shares of its stock to former, and third individual agreed to pay a sum of money within 90 days to the first corporation for such stock, in default of payment of which second corporation's postdated bill of sale, re-transferring the assets to the first corporation, unrecorded and held in escrow, was to be delivered to first corporation which in turn was to re-transfer the stock *held*, to effect a sale upon condition subsequent, the postdated bill of sale amounting to a resale of the property to the first corporation upon third party's default in payment, title being revested in plaintiff at the expiration of the option.

3. SAME—VESTING OF TITLE UPON THIRD PARTY'S DEFAULT IN EXERCISE OF OPTION.

Transaction whereby title to personalty was transferred from plaintiff corporation to a second corporation by bill of sale and latter agreed by postdated bill of sale placed in escrow to re-transfer it to plaintiff upon default of third party in payment of a sum of money to plaintiff within a stated time and such postdated bill of sale was delivered to plaintiff, title to the property *held*, to have revested in plaintiff at the expiration of third party's option, hence judgment creditor of second corporation could not lawfully levy upon the property as that of his debtor.

4. CORPORATIONS—TRANSFER OF STOCK—CONDITION SUBSEQUENT.

Agreement of corporate judgment debtor to transfer shares of its stock to plaintiff and plaintiff's agreement to re-transfer such shares to the debtor in case a third party did not pay plaintiff a sum of money was a binding transfer of stock upon condition subsequent only.

5. SALES—CONDITION SUBSEQUENT.

A condition is a condition subsequent if it was the intention of the parties that upon the happening of such condition the contract should be extinguished, or the title defeated, and re-invested in the seller.

6. REPLEVIN—SALE UPON CONDITION SUBSEQUENT—RECOVERY FROM SHERIFF—TRANSFEREE'S JUDGMENT CREDITOR.

In replevin action against sheriff who levied on pipeline for judgment creditor of a second corporation while it had possession thereof as transferee of plaintiff corporation, where second corporation had agreed to ·transfer a block of its stock to plaintiff, did execute a postdated bill of sale of the pipeline to plaintiff which was placed in escrow for a period within which a third party was to pay a sum of money to plaintiff and upon third party's default the postdated bill of sale was to be delivered to plaintiff upon its surrender of the stock, award of judgment to plaintiff *held,* proper, where no stock had ever been transferred, no money was ever paid plaintiff, and it had received delivery of the postdated bill of sale prior to making of loan to second corporation by party who became its judgment creditor.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 14, 1939. (Docket No. 85, Calendar No. 40,481.) Decided June 5, 1939.

Replevin by Wellman Pipe Line Company, a Michigan corporation, against Fred W. Miller, Allegan County sheriff, to recover possession of pipe line equipment. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Butterfield, Keeney & Amberg, Morton Keeney* and *Richard Lindland* (*Cleland & Snyder,* of counsel), for plaintiffs.

*Glocheski & Glocheski,* for defendant.

McAllister, J.   In August, 1932, Ernest L. Wellman, president of the Wellman Pipe Line Company, who had executed a promissory note to Elmer L. Kinsey, transferred to Kinsey all the stock of that company as security.   On April 18, 1936, Kinsey foreclosed the security and became the owner of this stock.   Wellman had previously also been president of the State Refining Company, which operated the pipe line owned by the Wellman Company.   The Refining Company apparently wanted to regain control of the pipe line, and with such an object in view, on October 12, 1936, a trilateral agreement was entered into between the Wellman Company, the Refining Company, and Mrs. Wellman.   It provided that the assets of the Wellman Company should be transferred to the Refining Company in consideration of the latter's paying 26,000 shares of its stock; that these 26,000 shares were to be transferred to Mrs. Wellman if she paid the Wellman Company the sum of $5,000 within 90 days; but in default of payment, it was agreed that the conveyance of assets by the Wellman Company to the Refining Company would be void, and such assets would be reconveyed to the Wellman Company on its surrender to the Refining Company of the 26,000 shares of stock.   It was further agreed that during the period of 90 days within which Mrs. Wellman had the right to make payment of the $5,000, the Refining Company would not mortgage, encumber, suffer or permit any encumbrance upon, or lien or claim to attach to, the said property it had received from the Wellman Company; and that it would be at all times prepared to reconvey the property.   On the same day, and as part of the agreement, the Wellman Company gave the Refining Company a bill of sale of all its assets, and in return

the Refining Company delivered in escrow a post-dated bill of sale reconveying such assets to the Wellman Company to be effective if Mrs. Wellman did not pay the $5,000 within the 90 days. The first bill of sale was recorded; the bill of sale delivered in escrow was not recorded.

As a result of the execution of the contract the situation of the parties was as follows: The Refining Company had a bill of sale of all of the assets of the Wellman Company; the Wellman Company was entitled to receive 26,000 shares of stock in the Refining Company as payment for such assets; Mrs. Wellman had a 90-day option to purchase the 26,000 shares from the Wellman Company; but it was agreed by all parties that in case she failed to exercise this option by the payment of $5,000, the sale to the Refining Company would be void, and the Refining Company was bound to re-transfer the pipe line assets to the Wellman Company. The Wellman Company was bound, thereupon, to return the 26,000 shares of stock in the Refining Company to that company. The Wellman Company also received a postdated bill of sale of the assets which previously it had transferred to the Refining Company, to be effective, revesting title, if Mrs. Wellman did not pay the $5,000.

It developed that the 26,000 shares of stock in the Refining Company were never transferred to the Wellman Company, and apparently no question has ever been raised regarding this matter. Payment of $5,000 on her option was not made by Mrs. Wellman within the 90-day period, and, accordingly, at the expiration of that time, the attorneys for the Wellman Company delivered to said Company the bill of sale re-transferring the assets, which the attorneys had been holding in escrow. No one paid any attention to the matter of this stock. It was ignored, overlooked, or forgotten.

In 1937, Henry R. Geer loaned $2,500 to the Refining Company for expenses in moving its pipe and equipment from one field to another. It is not clear at what time in the year Geer made the loan. The loan was not paid, and Geer thereafter brought suit against the Refining Company, recovered judgment, and caused a levy to be made on the pipe line, claiming it to be an asset of the Refining Company. Thereupon the Wellman Company, through its representatives, brought suit for replevin, claiming that the pipe line was its property. The sheriff making the levy was named defendant in the replevin suit. On the trial it was claimed on behalf of defendant sheriff that plaintiff in replevin had no right, title, or interest to the pipe line; that it was the property of the Refining Company; and that the bill of sale re-transferring such assets from the Refining Company to the Wellman Company was a chattel mortgage which, because it had never been recorded, was void as against Geer, the execution creditor. The trial court held that the property in question did not belong to the Refining Company at the time of levy, and gave a judgment in replevin against defendant sheriff, from which appeal is taken.

The controlling question in the case is whether the unrecorded, postdated bill of sale from the Refining Company to the Wellman Company is a chattel mortgage, void as to creditors of the Refining Company, or whether it is a conditional sale. When this bill of sale was given by the Refining Company, it owed no indebtedness to the Wellman Company. The transfer was not made to secure payment of any debt. The Refining Company was under no obligation for the performance of any act to the Wellman Company, and such bill of sale therefore was not given for any such purpose. The Refining Company did not bind itself by the contract in question to do any-

thing except to reconvey the pipe line to the Wellman Company. If Mrs. Wellman failed to pay $5,000 to the Wellman Company, such bill of sale could not, in any event, be security for the promise of Mrs. Wellman or the Refining Company to perform any act, or to pay any obligation, as it was postdated, and was not of any effect during the 90-day period of Mrs. Wellman's option. Such postdated bill of sale was in fact a re-transfer of title, at the expiration of the option, to the Wellman Company, made in accordance with the agreement of the parties. The effect of the transaction was that the Refining Company had received title to the property from the Wellman Company on the express understanding that the property would be transferred back on failure of payment by Mrs. Wellman. She failed to pay, and the property was returned by the Refining Company to the Wellman Company. During the 90-day period, the pipe line property belonged to the Refining Company, subject to agreed restrictions on the usual rights of ownership. When the Refining Company took the property by bill of sale, it received it subject to the condition that it would cause the same to be revested in the Wellman Company on failure to pay for the stock. The transaction was a sale upon condition subsequent. The postdated bill of sale from the Refining Company amounted to a resale of the property to the Wellman Company. See note in L. R. A. 1916E, 1209. The title had previously passed from the Wellman Company and for the time being was in the Refining Company. *Ophir Consol. Mines Co. v. Brynteson,* 74 C. C. A. 625 (143 Fed. 829). But such title revested in the Wellman Company at the expiration of the option. *Dunlop v. Mercer,* 86 C. C. A. 435 (156 Fed. 545). Such a transaction, not being a chattel mortgage, is valid as to Geer, the execution creditor of the Refining Com-

pany. At the time of levy of execution on Geer's judgment against the Refining Company, the property levied upon belonged to the Wellman Company.

It is also claimed that, inasmuch as assets of a corporation constitute a trust fund for the benefit of creditors, the assets of the Refining Company, during the time it held title to the property consisting of the pipe line received on conditional sale, could not be surrendered to the Wellman Company by a re-transfer to the detriment of the creditors of the Refining Company; and it is urged that because the contract provided that the Wellman Company was to receive stock in consideration of the transfer of its assets to the Refining Company, the Wellman Company either became a stockholder or a subscriber to stock; that in either capacity, it could not cancel the stock and retake its property to the disadvantage of creditors. It is sufficient to observe that the contract between the parties clearly indicated that the acceptance of the stock by the Wellman Company was only upon condition; and that if Mrs. Wellman did not exercise her option, the stock was to be returned to the Refining Company. Such a condition is binding as a condition subsequent. *Sherrod* v. *Duffy,* 160 Mich. 488 (136 Am. St. Rep. 451). In 55 C. J. p. 234, it is said:

"A condition is a condition subsequent if it was the intention of the parties that upon the happening of such condition the contract should be extinguished, or the title defeated, and reinvested in the seller."

There was no error in the holding of the trial court awarding plaintiffs judgment in replevin. Judgment affirmed, with costs to plaintiffs.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred.