GRAHAM v. CITY OF GRAND RAPIDS.

MUNICIPAL CORPORATIONS—CONTRACTS—PURCHASE OF MACHINERY
—BOARD OF PUBLIC WORKS—REFUSAL TO ACCEPT.

The charter of Grand Rapids requires the board of public
works to keep a record of its proceedings and determinations,
in which shall be shown the vote of each member on every
question decided by the board, and further requires all con-
tracts made by the board to be signed by the mayor and
president of the board, after their approval by the board and
common council. A proposition to equip the city pumping
station with a smoke preventer contained a guaranty, and
stated that the makers of the proposition would "install and
remove at our own expense, if found unsatisfactory by you."
This proposition was accepted by the board of public works,
which, after testing the apparatus, decided not to accept
the same and requested its removal. Held, that the city's
decision not to accept the apparatus, on the ground of its
unsatisfactory character, as disclosed by the record action of
the board of public works, was conclusive, and was not sub-
ject to judicial review.

Error to the superior court of Grand Rapids; Newnham,
J. Submitted June 15, 1905. (Docket No. 13.) Decided
November 7, 1905.

Assumpsit by William S. Graham against the city of
Grand Rapids for goods sold and delivered. There was
judgment for defendant on a verdict directed by the
court, and plaintiff brings error. Affirmed.

The assignor of plaintiff sent to the common council of
the city of Grand Rapids the following written proposi-
tion:

"GRAND RAPIDS, MICHIGAN, Sept. 20th, 1897.
"TO THE HONORABLE, THE COMMON COUNCIL,
                                    "City.
"Gentlemen: We respectfully submit a proposition
for the equipment of your pumping station, the four

boilers now in operation, with our smoke, cinder, and soot preventer, and refer you to your ordinance committee, or to F. Raniville, where they can be seen in operation.

"We guarantee to prevent smoke, soot, and cinders, to save fuel, enabling the use of a low grade of coal, instead of lump coal; to increase the boiler capacity; to furnish better draught, if desired; and to prevent the necessity of blowing out the flues so often, and to not injure your plant.

"We will install our system in the city waterworks for the sum of six hundred dollars ($600).

"We will install and remove at our own expense, if found unsatisfactory by you.

"Respectfully submitted,
"HOVEY & Co."

By the common council the communication was referred to the board of public works. On September 24th the board of public works referred it to its committee on supplies and repairs and its committee on ways and means, "with power to make a trial as set forth in their proposition." Hovey & Co. are known also as the Mills Smokeless Furnace Company. The device was installed in December, 1897. Later a demand for the price of the device was presented, and at a meeting of the board of public works, held February 25, 1898, the account was referred to the committee on supplies and repairs, "with instructions to make a thorough test of the apparatus." Just when the device was removed by agents of the city does not appear. It was in use as late as April 10, 1898. A letter was written by the secretary of the board to Mr. Hovey June 11, 1898, notifying him to remove the apparatus. This letter Mr. Hovey testifies he did not receive. The record of the proceedings of the board shows that at the meeting of May 20, 1898—

"The committee on supplies and repairs reported verbally that after careful tests made with the Mills smokeless furnaces that they would recommend that the bill presented by the Mills Smokeless Furnace Company be not paid and that the company be requested to remove their apparatus from the pumping station. On motion * * * the report was accepted and adopted."

The votes upon these various matters appear in the record. Testimony was offered by the plaintiff tending to prove that the device in question worked properly and satisfied the promises contained in the written proposition. In February, 1899, plaintiff filed with the controller of the city a statement of account, calling for $600 for the apparatus and for interest for one year at the rate of 6 per cent. The claim was examined by the common council and disallowed. Plaintiff brought this suit, and in his declaration averred a contract between the city and Hovey by which Hovey was to equip four boilers of the pumping station with said device, which was to perform as stated in the proposition already set out, and be removed if it did not so perform, avers the installation, proper performance of the apparatus, acceptance of the apparatus on March 10, 1898, by one E. A. Bates, agent and employé of the city, and representing the board of public works of said city, which had the subject-matter in charge, and the consequent liability of the city and its promise in that behalf to pay the agreed price of the apparatus. In a second count it is averred that the apparatus was, by contract between the city and Hovey, installed for a three months' trial, upon conditions set out as in the written proposition, that it performed according to the contract for the trial period, and the consequent liability and a promise to pay the purchase price. A fourth count avers a contract to equip the pumping station with the said apparatus for the sum of $600, performed by said Hovey, and consequent liability of the city. The declaration contains, also, the common counts in assumpsit. The declaration was filed January 6, 1904. The plea was the general issue. The case came on to be tried in the superior court of Grand Rapids before a jury, and a verdict and judgment for the defendant were entered by direction of the court. The ground of the ruling was that the charter of the city required contracts made by the board of public works to be in writing, signed by the president of the board and

mayor of the city.    There was testimony offered tending
to show that the device performed according to the terms of
the guaranty.    Appellant has assigned 62 errors, based
upon rulings which excluded testimony offered on the
part of the plaintiff, the refusal to charge the jury as re-
quested, and the charge as given.

*Elvin Swarthout*, for appellant.

*Moses Taggart*, for appellee.

OSTRANDER, J. (*after stating the facts*).    The propo-
sition to the city is to equip boilers, and contains an ex-
press guaranty of results.    It is also an offer to install and
remove the device, "if found unsatisfactory by you."
The device was installed, and later was ordered to be re-
moved.    No term of trial was agreed upon.    Section 31,
tit. 9, of the charter (Act No. 374, Local Acts 1897) re-
quires the board of public works to keep a record of its
proceedings and determinations, and that "therein shall
be shown the vote of each member voting upon every
question brought before and decided by said board."    Sec-
tion 30 of title 9 of the charter reads, so far as applica-
ble here:

"All contracts made by the board of public works shall
be in the name of the city of Grand Rapids and be signed
by the mayor of said city and the president of said board
after the same shall have been approved by the board and
the common council of said city."

Without determining whether, by estoppel or otherwise,
the city can be held liable upon a contract not in writing,
we are of opinion that the judgment should be affirmed,
for the reason that the evidence which we can consider,
viz., the record action of the board of public works, shows
that the device was found to be unsatisfactory.    It cannot
be said either that plaintiff's assignor or the city relied en-
tirely upon the warranty made, or that a trial of the appara-
tus would have been permitted, except upon the promise to
remove "if found unsatisfactory by you."    On the con-

trary, we think it should be said, all of the circumstances, including the nature of the appliance, being considered, that neither the plaintiff's assignor nor the city contemplated that the question of satisfaction might be left, at any time or in any event, to the judgment of judicial triers. The case is ruled by *Walter A. Wood Reaping & Mowing Machine Co.* v. *Smith*, 50 Mich. 565.

Judgment affirmed.

MCALVAY, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.