Chadbourne v. The Delaware, Lackawanna and Western Railroad Company.

_____

MARTHA F. CHADBOURNE *against* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

(Decided December 6th, 1875.)

Where the plaintiff's evidence shows an injury through the negligence of the defendant's servants, without any negligence on the part of the plaintiffs or their agents, the burden of proving contributory negligence is upon the defendant.

Where evidence of greater damage, loss or value than the amount specified in the bill of particulars is given without objection, and the amount recovered is no more than the party is justly entitled to, the court will not set aside the verdict because it is more than the amount of damage specified in the bill of particulars. The variance between the proof and the bill of particulars is not material if the other party is not misled by it, or allows evidence of greater damage to be given without objection.

APPEAL by defendant from a judgment of the Marine Court of the city of New York, entered on an order of the general term of that court, affirming a judgment of that court entered on the verdict of a jury.

Chadbourne v. The Delaware, Lackawanna and Western Railroad Company.

The complaint, after alleging the incorporation of the defendant, alleged " That the said plaintiff's servant was, on the first day of April, 1873, crossing the track of the railroad used by the defendants, into Ferry street, in the city of Hoboken, New Jersey, with a horse and lumber wagon belonging to this plaintiff, and that the said defendants backed their cars against the said wagon, breaking it and the harness, and seriously injuring the horse, in consequence of which she has been damaged to the amount of $500, including repairs, medicines and necessary care and attention.   That the injuries aforesaid were caused by the exclusive negligence of the defendants and mismanagement of their employees in the backing of said cars without warning or notice of danger."

Damages were claimed in the sum of $500.    The plaintiff also served a verified bill of particulars as follows :

> " Injury to Horse............ ....$200 00
> Loss of use of Horse............. 100 00
> Loss of use of Harness........... 50 00
> Loss of use of Wagon............ 250 00
> _____
> $600 00

Amount of claim, $500."

On the trial the plaintiff was allowed to show  (under objection by the defendant that it was not an  item included in the bill of particulars) that the necessary repairs to the wagon  cost $50.   The plaintiff also, without objection, introduced evidence to show that her horse, when sound, would have been worth from $450 to $500, and that in his injured condition he was not worth more than $150 (making the damage to the horse $300 to $350).   At the close of the evidence, the counsel for the defendant requested the court to charge the jury, that in case of a verdict for the plaintiff, inasmuch as she had in the bill of particulars, limited herself to $200 damages to the horse, she could not recover beyond that sum.   The court refused so to charge, and charged that she was not limited by the bill of particulars to the $200, and that the jury might give her the actual damages.   To this refusal, and also to the charge as made, the defendant duly excepted.

The defendant's counsel also requested the court to charge: 1. That if Gallagher was guilty of the least fault or negligence which contributed to the accident, plaintiff cannot recover. The court declined so to charge, and charged instead as follows: That if Gallagher was guilty of any fault or negligence which contributed to the accident, and which by ordinary prudence under the circumstances he might have avoided, the plaintiff cannot recover. To the refusal to charge as requested, and also to the charge as given, defendants' counsel excepted, and also requested the court to charge: 2. That the burden of proof is upon the plaintiff to show not only that defendants were negligent, but that the plaintiff's servant was free from fault. The court refused so to charge, and charged instead as follows: That the jury are to determine upon the evidence, not only that defendants were negligent, but also that the plaintiff's servant was free from fault. To which refusal to charge, and to the charge as given, defendants' counsel excepted.

*Hamilton Odell*, for appellant.

The effect of a bill of particulars is to restrict the proofs and limit the recovery to the items set forth in it (*Matthews* v. *Hubbard*, 47 N. Y. 428; Graham's Practice, 438; *Williams* v. *Allen*, 7 Cow. 316; *Quin* v. *Astor*, 2 Wend. 577; *Dubois* v. *D. & H. Canal Co.* 12 Wend. 341, and 15 Wend. 91; *Starkweather* v. *Kittle*, 17 Wend. 20; *Kreiss* v. *Seligman*, 8 Barb. 440; *Bowman* v. *Earle*, 3 Duer, 694).

The court erred in refusing to charge the defendants' first request, and in the charge given instead thereof. The legal proposition submitted by defendants was strictly correct (*Wilds* v. *H. R. Co.* 24 N. Y. 430; *Grippen* v. *Erie Co.* 40 N. Y. 34; *Havens* v. *Erie Co.* 41 N. Y. 298; *Baxter* v. *Second Ave. Co.* 3 Robt. 510; *Morris* v. *Phelps*, 2 Hilt. 38), and the defendants were entitled to have the request charged or refused in the form in which it was presented (*Wilds' Case*, 24 N. Y. 442; *Warner* v. *N. Y. Cent.* 44 N. Y. 470; *Meyer* v. *Clark*, 45 N. Y. 289). The charge as given was erroneous. A railroad crossing is conceded to be a dangerous place (*Wilds' Case*, 24

N. Y. 440; *Ill. Cent.* v. *Baches*, 55 Ill. 379; *C. & A. Co.* v. *Gretzner*, 46 Ill. 82; *Penn. R. R. Co.* v. *Beale*, 73 Penn. 504). It is of itself a warning of danger to one about to go upon it (*Stubley* v. *L. & N. W.* 1 Exch. [L. R.] 13). This was not a public crossing. It was a place of much more than common danger on account of its location, the great number of tracks, the constant movement of engines and cars up and down, etc., etc. Gallagher was therefore bound to exercise a high degree of care and diligence (*Barker* v. *Savage*, 45 N. Y. 193; *Davis* v. *N. Y. Cent.* 47 N. Y. 400; *Unger* v. *Forty-second St. Co.* 51 N. Y. 497; *Weber* v. *N. Y. Cent.* 58 N. Y. 451).

*James Clark*, for respondent.

CHARLES P. DALY, Chief Justice.—The questions of negligence and of contributory negligence were questions in this case solely for the jury, there being a direct conflict between the witnesses for the plaintiff and the defendants, in respect to all the facts upon which the solution of the question of either negligence on the part of the defendants' servants, or of contributory negligence on the part of plaintiff's servant, depended. On the one side, it was in evidence that when the plaintiff's agent, Gallagher, undertook to cross the track, the car was stationary, at a point from 15 to 20 feet above the place where Gallagher undertook to cross; and that while he was in the act of crossing, having a heavy load, the car, without any whistle, ringing of the bell, or other warning, suddenly backed with great velocity, putting it beyond his power to avoid the collision. Whilst on the part of the defendants' witnesses, the testimony was that the car was in motion when Gallagher attempted to cross; that the bell was rung before the engine was started; that warning was given to Gallagher by a loud call on the part of a man in the back of the car; and that the collision was the consequence of Gallagher's heedlessness in attempting to cross without looking along the road to see if cars were approaching.

This being the nature of evidence, the case was one to be submitted to the jury, under proper instructions from the court;

and the finding of the jury upon these questions is conclusive, and cannot be reviewed.

The proposition charged by the court, under the first request to charge, was the correct one, and embraced all that the defendants were entitled to. The second proposition was properly refused; the burden of proving contributory negligence was upon the defendants, in a case like this where the evidence on the part of the plaintiff showed an injury through the negligence of the defendants' servants, without any negligence on the part of the plaintiff's agents (*De Benedetti* v. *Mauchin*, 1 Hilton, 217; *Johnson* v. *The Hudson R. R. Co.* 5 Duer, 21; *Id.* 20 N. Y. 65.)

I do not think that we should grant a new trial upon the ground that the judge improperly allowed the plaintiff to prove the expense she had incurred for the repair of the wagon, or for the refusal of the judge to instruct the jury that she was limited upon the evidence and the bill of particulars to the recovery of $200 only.

The variance between the proof offered of loss or injury and the bill of particulars is not material, if the other party is not misled (*Seaman* v. *Lowe*, 4 Bosw. 351, and cases there cited).

One of the items in the bill of particulars was loss of the use of the wagon, $250. The plaintiff lost the use of her wagon whilst it was being repaired, and the sum she had to pay for repairing it, is, at least to the extent of that payment, a measure of the loss she sustained. If the item was too general or vague, the defendants' remedy was to require a more particular statement of the items by which the sum of $250 was made up. They did not deem that essential before the trial, and it does not lie with them now to complain that the plaintiff showed, without objection, a pecuniary loss to the extent of $50 in the sum paid for the repair of the wagon. In addition to this, plaintiff's claim for $500, in the complaint, was declared, among other things, to be for repairs; and if, as I have said, the bill of particulars was insufficient, it was an easy matter for the defendants to require a more particular statement (*The People* v. *Monroe Com. Pleas*, 4 Wend. 200; *Bonny* v. *Sealey*, 2 Id. 481; *Smith* v. *Hicks*, 5 Id. 48; *Brown* v. *Hudson*, 4 Taunt. 189).

The plaintiff was restricted by the bill of particulars to the recovery of $200 only for the injury to the horse; but the plaintiff, without any objection having been interposed by the defendants, gave evidence showing that her damage or loss from the injury to the horse was greater than this amount; that taking even the lowest estimate, it was at least $250. The defendants having allowed this evidence to be given, were not entitled to have the jury instructed by the judge that the recovery for the injury to the horse must be limited to the amount stated in the bill of particulars. The time to interpose that objection was when the evidence was offered, or, if given under a question where the answer could not have been anticipated, to ask the court to tell the jury that the evidence, so far as it showed that the damage was greater than $200, must be disregarded. Where the evidence of a greater damage, loss, or value than the amount specified in the bill of particulars, is given without objection, and the amount recovered is no more than the party was justly entitled to, the court will not set aside the verdict because it is greater than the amount specified in the bill of particulars.

To render such an objection available, it must be made in due season, as the difficulty may be obviated by amendment under the ample powers conferred by the court; and the proper time to make the objection is when the evidence is given, and not after the evidence upon both sides has been closed, the parties have summed up, and the judge has delivered his charge; for it was not until the judge had completed his charge that the defendants raised the objection by asking the judge then further to instruct the jury that the recovery for the damage to horse must be limited to the amount stated in the bill of particulars (*Dubois* v. *The Delaware Canal Co.* 12 Wend. 341, and cases there cited; *Tyng* v. *Commercial Warehouse Co.* 58 N. Y. 313; *Hirst* v. *Watkis*, 1 Campb. 68; *Holland* v. *Hopkins*, 2 Bos. & Pul. 243; *Spawn* v. *Veeder*, 4 Cow. 503; Graham's Practice, 2d ed. 514–519).

The judgment should be affirmed.

JOSEPH F. DALY, and LOEW, JJ., concurred.

Judgment affirmed.