(22 Misc. Rep. 348.)

## DERMODY v. FLESHER.

(Supreme Court, Appellate Term.   January 17, 1898.)

1. COMPACT—CONSTRUCTION.
    Where a teacher of the art of millinery agrees with an intending pupil that the instruction to be given shall be satisfactory to the latter in every respect, and that, if not thus satisfactory, he will return the fee thereupon paid, he constitutes the pupil the sole arbiter of her own satisfaction.

2. SAME—PERFORMANCE.
    If it be true that in such a case the dissatisfaction must not be capricious, but substantial and justified by the facts, the finding of a justice in favor of the plaintiff, in an action to recover back the fee, operates, like the finding of a jury, to resolve that question in the plaintiff's favor.

3. JUSTICES—AMENDMENT OF PLEADING.
    The justice of a district court possesses the power to allow a plaintiff to amend his bill of particulars at the trial, so as to conform it to evidence on behalf of the plaintiff which has gone in without objection.

Appeal from First district court.

Action by Dennis Dermody against Addison B. Flesher. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM, J.

Wilson, Bennett & Underhill, for appellant.

W. E. Cook, for respondent.

McADAM, J.   The defendant kept a school in which he agreed to instruct in the millinery art any one willing to pay $25, and, according to his advertisement, he guarantied entire satisfaction. The plaintiff's assignor, Elizabeth C. Meade, joined the school about January 1, 1897, under a special contract with the defendant, by which he was to instruct her in the art by the aid of competent teachers, and with the very best materials for the purpose; and, if she was not satisfied in every respect, he agreed to refund the fee of $25, which then and there paid. After Miss Meade had attended the school for a few days, she became dissatisfied with the teaching, the materials, and her treatment generally. She complained of these things to Mrs. Flesher, the manager, and subsequently to the defendant, from whom she demanded the return of the $25, according to the agreement. The defendant refused to pay, whereupon Miss Meade transferred her demand to the plaintiff, who brought the present action, and at the trial obtained a judgment in his favor for the amount claimed.

The defendant having agreed that the instruction to be given should be satisfactory to the pupil, he constituted her the sole arbiter of her own satisfaction, and he must stand by his contract to return to her the fee of $25 if she was not satisfied in every respect. Johnson v. Bindseil (Com. Pl.) 8 N. Y. Supp. 485, 10 N. Y. Supp. 321; Gray v. Bank (City Ct. N. Y.) 10 N. Y. Supp. 5; Glenny v. Lacy (City Ct. N. Y.) 1 N. Y. Supp. 513; Tyler v. Ames, 6 Lans. 280; Moore v. Goodwin, 43 Hun, 534. If we go further, and hold that the dissatisfaction must not be capricious, but substantial and justified by the facts, the finding of the justice, like that of a jury, in favor of the plaintiff, re-

solves that question in his favor.   Hummel v. Stern, 15 Misc. Rep. 27, 36 N. Y. Supp. 443.

The defendant urges that the action should not have been brought against him, but against his wife.   The evidence sufficiently shows that he conducted the school.   He speaks of it in his testimony as his, and gives the number of his pupils.   He made the contract with the plaintiff's assignor without disclosing any agency on his part, and led her to believe and act on the belief that the school was his; and it is too late now for him to seriously question his liability as principal contractor.

It is objected that the justice allowed the plaintiff to amend the bill of particulars at the trial.   The court clearly possessed the power. Parsons v. Sutton, 66 N. Y., at page 95.   The defendant did not claim that he was in any manner surprised by the amendment, nor was the amendment of a character calculated to surprise him.   The bill of particulars was merely amended to conform to evidence of the assignor and her sister, which went in without objection; and it is doubtful whether any amendment was necessary.   Chadbourne v. Railroad Co., 6 Daly, 215.   The case involved a clear conflict of evidence, and the trial judge, who saw the witnesses and heard them testify, had a better opportunity to judge of their credibility and the value of their testimony than we have by a mere reading of the return; and his findings of fact should be accepted unless error is apparent.   We find no reason for disturbing his conclusions.

Judgment affirmed, with costs.