BARRY v. RAINEY.

(Supreme Court, Appellate Term. April 21, 1899.)

1. CONTRACT FOR PORTRAIT—CONSTRUCTION.

A contract with a portrait painter to take and pay for a painting, provided it was satisfactory, cannot be construed to mean that it should be taken if satisfactory to the painter, merely because that was his understanding of the contract.

2. SAME—REFUSAL TO ACCEPT.

One agreed to accept and pay for a portrait, provided it was satisfactory to him. On its completion it failed to satisfy the buyer, but the artist, on his request, was allowed to frame it, and send it to the buyer's home, and it was thereupon reshipped to the painter by the buyer, who refused to accept, on the ground that the defects had not been cured. Held, that the right of refusal to accept the same was properly exercised.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Gerard Barry against William J. Rainey. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hornblower, Byrne, Taylor & Miller (Howard A. Taylor, of counsel), for appellant.

Philip Carpenter, for respondent.

FREEDMAN, P. J. The plaintiff brings this action to recover the sum of $500, the agreed price for painting a portrait of the defendant. The plaintiff, at the time the work was done, had a studio in the city of New York, and the defendant resided in the city of Cleveland, Ohio. The plaintiff alleges, and attempts to prove, that the terms of the contract between the parties were that if the picture, when completed, was satisfactory to him (plaintiff), the defendant was bound to accept and pay the agreed price therefor. The testimony is undisputed that, at a time when the defendant and his family were in the city of New York, the plaintiff visited and repeatedly asked the defendant to have his picture painted by plaintiff, and that he (plaintiff) "had no work in Cleveland, and wanted one picture in Cleveland," evidently by way of aiding his business. The defendant claims that, by the terms of the contract under which the portrait was painted, it was agreed that, unless the picture was satisfactory to him (defendant), he should not be compelled to pay for it, and that it was not satisfactory to himself or the members of his family. In this contention he is supported by the testimony of his wife, who was present at many of the conversations between the parties upon that subject. The defendant also testifies that the picture was framed and sent to Cleveland to defendant's home, at the request of plaintiff,

and upon his assurance that the framing would cure the defects existing in the picture, but which it failed to do; and the picture was thereupon reshipped to the plaintiff, and the defendant refused to accept or pay for it. The plaintiff assumed the burden of proof in the case, and was bound to establish, by a fair preponderance of evidence, that the contract was as he claimed it to be. This he failed to do. From his own statement as to what he said to defendant at the times he solicited the work, it is not clear that he expressly said "that the painting should be taken by defendant if it was satisfactory to plaintiff." He repeatedly says:. "I meant to me, when I said it should be satisfactory." Contracts like the one at bar, when sought to be enforced, must be determined by the words actually used. Their meaning cannot be derived from what existed solely in the mind of one of the parties. Moreover, the claim of the plaintiff as to what the contract was is improbable on its face. The right of refusal to accept the picture does not appear to have been exercised by the defendant, in an unreasonable, capricious, or arbitrary manner. The plaintiff having failed to maintain the burden of proof required, the judgment must be reversed.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event. All concur.