## DUNHAM v. HASTINGS PAVEMENT CO.

(Supreme Court, Appellate Division, First Department.   June 10, 1904.)

1. CONTRACT—VALIDITY—FINDING OF JURY—CONCLUSIVENESS.

In an action on a contract for services in procuring contracts for public improvements from a city, which was legal on its face, a finding of the jury that it was valid, under evidence tending to show that the performance of illegal acts was not contemplated by the parties at the time the contract was made, is conclusive on appeal.

2. SAME—COMPLAINT—AMENDMENT—APPEAL AND ERROR.

In an action on a contract for services rendered and for damages for its breach, error cannot be predicated of the ruling of the court in permitting an amendment of the complaint, at the beginning of the trial, to include damages for an alleged further breach of the contract intermediate the commencement of the action and the trial, where the defendant did not ask for a postponement of the trial on the ground of surprise, and the record shows that defendant could not have been injured by the amendment.

3. SAME.

In an action on a contract for services rendered and for damages for its breach, plaintiff is entitled to amend the complaint, at the conclusion of the trial, increasing the amount of damages claimed.

4. SAME—ACTION FOR SERVICES—MEASURE OF RECOVERY.

In an action for services rendered under a contract whereby the defendants agreed to pay plaintiff a certain sum for each square yard of asphalt put down by defendant in a specified city, the measure of recovery is a simple matter of computation in ascertaining the number of square yards of asphalt put down while the contract is in force.

5. SAME—RIGHT OF PARTY TO TERMINATE.

While a contract is executory, a party has the power to stop performance by the other party by an explicit direction to that effect, subjecting himself to such damage as will compensate the other party for being stopped in performance on his part at that stage of the execution of the contract.

6. SAME—ACTION FOR BREACH—MEASURE OF DAMAGE.

In an action for breach of a contract, whereby defendants agreed to pay plaintiff for his services a certain sum for each square yard of asphalt put down by defendant in a specified city, which was terminated by defendant against the protest of plaintiff, the measure of damage is what plaintiff would have made by performance of the work, and the acts of the parties both before and after the breach are proper facts to lay before the jury.

Appeal from Trial Term, New York County.

Action by Edward R. Dunham against the Hastings Pavement Company. From a judgment for plaintiff and, an order denying a motion for a new trial, defendant appeals. Reversed.

See 67 N. Y. Supp. 632; 68 N. Y. Supp. 221.

Argued before PATTERSON, HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

William B. Hornblower, for appellant.
Samuel Untermyer, for respondent.

McLAUGHLIN, J.   This action is based upon a written contract by which plaintiff was appointed for the period of five years, with a right of renewal, the sole agent of the defendant to secure the right to make bids for and introduce asphalt block pavement in the city

of New York. There have been two trials and two appeals. Upon the first trial the complaint was dismissed at the close of plaintiff's case, because the contract, in the opinion of the learned trial justice, when construed in the light of the evidence, was void on the ground of public policy, inasmuch as it contemplated what is commonly called "lobby service." On appeal, the judgment was reversed and a new trial ordered (56 App. Div. 244, 67 N. Y. Supp. 632), and a motion for a reargument denied (57 App. Div. 426, 68 N. Y. Supp. 221), the Appellate Court holding that the contract was legal upon its face, and the performance of illegal acts under it would not invalidate it, unless it appeared that the performance of such acts was contemplated by the parties at the time the contract was made—a question which, under the evidence, should have been submitted to the jury. Upon the second trial the validity of the contract, with other questions, was submitted to the jury. The plaintiff had a verdict for $76,567.12, and from the judgment entered thereon defendant has appealed.

The complaint as originally framed, and upon which the first trial was had, contained two causes of action, one for services rendered under the contract, amounting to $9,877.61, and the other for damages, amounting to $4,076.70, for a breach of the contract. At the beginning of the second trial the second cause of action was amended by setting out the contract at length, and specifying certain particulars in which there had been a breach, by reason of which a claim for damages was made amounting to $54,076.70, and at the conclusion of the trial this cause of action was further amended by claiming damages amounting to $70,000. The judgment appealed from is attacked principally upon three grounds, which will be considered in the order named: (1) That the contract, when construed in the light of all the evidence, is invalid, in that it contemplated the rendition of illegal services in getting resolutions passed by the board of aldermen, and for that reason the complaint should have been dismissed at the close of the trial, or a verdict directed for the defendant; (2) that the court erred in permitting the amendment of the complaint, in that a new cause of action was inserted therein; and (3) that erroneous rulings were made, and an improper measure of damages adopted, by the trial court.

First. It was determined upon the former appeal that the contract was valid upon its face, and an examination of the evidence bearing upon the services rendered or to be rendered under or in pursuance of it shows it to be substantially the same as that given upon the former trial. If I am correct in this, then it necessarily follows, under our former decision, that the trial court did not err at the close of the trial in denying defendant's motion to dismiss the complaint or direct a verdict in its favor, but that the question was properly submitted to the jury to pass upon the validity of the contract. The jury found the contract valid. The finding is supported by the evidence, and ought not on that ground to be disturbed.

Second. The court had the power to grant the amendment which it did. This amendment did not import into the complaint a new cause of action. The second cause of action set out in the complaint,

before the amendment, was for damages for the breach of the contract, and this is precisely what it was after the amendment. The change was to permit a recovery for damages which it was alleged had been sustained by the plaintiff for a breach of the contract intermediate the commencement of the action and the trial. That a complaint to recover damages for a breach of contract may be thus amended seems clear. Behrman v. Linde (Sup.) 5 N. Y. Supp. 898, affirmed 127 N. Y. 672, 28 N. E. 255; Wilcox v. Plummer's Ex'rs, 4 Pet. 172, 7 L. Ed. 821. The contract having been broken at the time of the commencement of the action, plaintiff had a right to recover all of the damages which he had sustained, by reason of the breach, to the time the trial was had. He could not include in the original complaint damages which might thereafter accrue, inasmuch as they would then be so problematical the same would not be susceptible of proof; but, when the trial occurred, the damages which had theretofore been problematical had become fixed, definite, and could be established with as much certainty as those specified in the original complaint. The defendant did not ask for a postponement of the trial on the ground of surprise, and it is apparent from the record that it was not surprised and could not have been injured by the amendment. Nor was there any error in increasing the amount of damages claimed at the close of the trial. That such amendment can be made has frequently received the approval of both this court and the Court of Appeals. Knapp v. Roche, 62 N. Y. 614; Dakin v. Liverpool, L. & G. Ins. Co., 13 Hun, 122, affirmed 77 N. Y. 600; Zimmer v. Third Ave. R. R. Co., 36 App. Div. 265, 55 N. Y. Supp. 308; Clark v. Brooklyn Heights R. R. Co., 78 App. Div. 478, 79 N. Y. Supp. 811.

Third. The claim that an improper measure or rule of damage was adopted presents a more serious question. The action, as already indicated, was to recover, first, for services rendered under the contract, and, second, damages for its breach. The measure of damage under the first cause of action is that specified in the contract as modified by parol, viz., 15 cents per square yard of the asphalt laid, but, manifestly, that is not a proper measure of damage for a breach of it. On the 3d of March, 1897, the defendant notified the plaintiff in writing that it terminated the contract. The plaintiff protested against such termination, and insisted that he would hold the defendant liable "for a commission on every yard of pavement laid in the city of New York as provided for in the said contract." But this did not prevent a termination of the contract, or give to the plaintiff the right to have his damages measured by the contract as though he had fully performed on his part. The defendant, if plaintiff's contention be correct, had no right to terminate the contract; but notwithstanding it did not have the right it had the power to do so, which it illegally exercised, and for which the law steps in and compensates the plaintiff in damages. The general rule is that, while a contract is executory, a party has the power to stop performance on the other side by an explicit direction to that effect, subjecting himself to such damages as will compensate the other party for being stopped in performance on his part

at that stage in the execution of the contract. The party thus forbidden cannot afterwards go on and thereby increase the damages, and then recover such damages from the other party. Butler v. Butler, 77 N. Y. 472, 33 Am. Rep. 648; Danforth v. Walker, 37 Vt. 239; Gibbons v. Bente, 51 Minn. 499, 53 N. W. 756, 22 L. R. A. 80; Collins v. Delaporte, 115 Mass. 159; Bishop on Contracts, § 837; 1 Sutherland on Damages, § 113. The defendant having this power, and having exercised it, the contract was at an end, and plaintiff could not thereafter render any services under it for the purpose of enhancing—or resort to its provisions as definitely fixing—his damage. The contract, it will be remembered, as modified by parol, provided the plaintiff should be the sole agent of the defendant, and for the services rendered by him should receive 15 cents per square yard for every yard of block asphalt laid in the city of New York, and, as establishing the damages sustained, he proved the number of yards of pavement which the defendant had laid in the city of New York to the time of the trial, and the court charged that his measure of damage was 15 cents per square yard on all the pavement laid. This was excepted to, and the court was requested to charge that the measure of damage was what plaintiff would probably have earned if the contract had not been terminated; which was refused, and an exception taken. The result of these rulings was that the plaintiff was permitted to recover 15 cents per square yard on all the asphalt laid, and this irrespective of whether he rendered any service under the contract, or could have procured the same amount to be laid. The contract required the plaintiff to devote his entire time and use his best efforts to procuring contracts from the city. Manifestly, if the defendant, after the contract was terminated, put forth extra efforts, and thereby procured contracts which the plaintiff could not have procured—had the one in question not been broken—he was not entitled to the benefits derived therefrom. He was no more entitled to such benefits, if there were any, than he was to be deprived of his damage if defendant had not secured any contracts at all. He was entitled to recover the value of his contract. Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676; Peltz v. Eichele, 62 Mo. 171; Wells v. National Life Ass'n, 99 Fed. 222, 39 C. C. A. 476, 53 L. R. A. 33; Hitchcock v. Supreme K. of N., 100 Mich. 40, 58 N. W. 640, 43 Am. St. Rep. 423. See, also, note in 53 L. R. A. 1, and cases cited. The value of his contract is what he would have made by performance. This is precisely what he was legally entitled to and what he morally ought to have, and, as bearing upon that question it was competent to show what he made prior to the breach of the contract, as well as what was done by the defendant subsequent to it; in other words, the acts of both parties involved in or connected with the subject-matter of the contract, both before and subsequent to the breach, are proper facts to lay before the jury to enable it to determine what the contract was actually worth to the plaintiff. The case was not tried upon this theory. It was submitted to the jury under erroneous instructions as to the law, and it follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur; PATTERSON, J., in result.