HAEHNEL v. TROSTLER.

(Supreme Court, Appellate Term. May 16, 1907.)

1. REPLEVIN—RIGHT OF ACTION—LIEN FOR MATERIAL AND LABOR—JUDGMENT.

A person having a lien on an article for materials furnished in making it and labor performed upon it is not entitled to obtain possession of the article in a replevin suit, but is only entitled to a judgment for the value of the work and materials supplied, and providing that, if that sum be not collected, the article should be delivered to him. under Municipal Court Act, Laws 1902, pp. 1529, 1530, c. 580, § 120, subd. 2, and section 123, providing that, where the unsuccessful party in replevin has a special property in the chattel not equal to its full valuation, final judgment for the successful party should fix the value of the special property and award the sum so specified, and, if it is not collected, the delivery of the chattel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, §§ 59, 424–428.]

2. CONTRACTS—PERFORMANCE OR BREACH—SATISFACTION OF PARTY.

Where a person contracted to make a coat for a customer out of certain skins which the customer furnished, the work to be done in a style designated by the customer, and the coat to be made to her satisfaction, he could not recover for a coat unsatisfactory to her, where her claim of dissatisfaction was honestly urged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1284–1289.]

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Henry Haehnel against Irma Trostler. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Edmund R. Terry, for appellant.
Robert Lyon, for respondent.

SEABURY, J. The plaintiff agreed to make a coat for the defendant out of certain Persian lamb skins which she was to deliver to him. The plaintiff agreed to do the work for $40, and to make it in the style

designated by the defendant, and to make it to her satisfaction. The defendant delivered the skins, and the plaintiff made the coat; but the defendant contended that the sleeves were small and the coat was not according to the style agreed upon. It was admitted by an expert witness called by the plaintiff that in some respects the coat did not fit, but it was claimed that these defects could be remedied. These defects were not remedied, and the defendant claimed that the coat was not satisfactory and refused to pay the plaintiff. Upon her refusal to pay, the plaintiff demanded the return of the coat, but the defendant refused to comply with this demand. The plaintiff then brought this action to replevin the coat, and recovered judgment awarding him the return of the coat, and assessing its value at $100.

The plaintiff claimed the right to maintain the action by virtue of his lien for materials furnished in making the coat and for work and labor performed upon it. The judgment in this case decreed the absolute possession of the coat to the plaintiff and fixed its value at $100. The plaintiff did not claim to be the owner of the coat, but sought to replevin it because of a special property which he claimed in it to the extent of the value of the materials and labor which he had supplied, to wit, $40. If the plaintiff was entitled to a judgment, he was only entitled to a judgment for the value of the work and materials supplied, and providing that, if that sum be not collected, the chattel should be delivered to him. Subdivision 2 of section 120 and section 123 of the Municipal Court act (Laws 1902, p. 1486, c. 580); McCobb v. Christiansen, 28 Misc. Rep. 119, 59 N. Y. Supp. 303. There is, however, a more serious objection to this judgment. It is perfectly clear from the evidence that the plaintiff agreed to make the coat to the satisfaction of the defendant and that he contracted to satisfy her personal taste. Upon the trial he was distinctly asked, "And you agreed to make that coat to please her?" and he answered, "Yes, sir." The contract was certainly a precarious one, making the compensation of the plaintiff to depend upon the taste or personal preference of another. The plaintiff, however, contends upon this appeal that, even if there was a contract that the coat should be entirely to the satisfaction of the defendant and that it should be made "to please her," such a contract imputes merely a reasonable satisfaction and seeks to invoke in support of his contention the rule declared in Duplex Safety Boiler Co. v. Garden, 101 N. Y. 387, 4 N. E. 749, 54 Am. Rep. 709, where Judge Danforth quoted with approval the rule that "that which the law will say a contracting party ought in reason to be satisfied with, that the law will say he is satisfied with." But, after declaring that rule, the learned judge in the same opinion goes on to say that:

"Another rule has prevailed where the object of a contract was to gratify taste, serve personal convenience, or satisfy individual preference. In either of these cases the person for whom the article is made or the work done may properly determine for himself, if the other party so agrees, whether it shall be accepted."

It is now well settled in this state that, where one agrees to perform a contract "involving taste, fancy, interest, personal satisfaction, and judgment," he must comply with the terms of his contract. Craw-

ford v. Mail and Express Pub. Co., 163 N. Y. 408, 57 N. E. 616. The rule of law formerly required the strict performance of all the terms of a contract, and, if a party agreed to do work or to manufacture an article to the satisfaction of another, he was not permitted to recover unless said work or article was satisfactory to the party with whom he had contracted. This rule has now been relaxed, except where the contract itself relates to matters within the realm of taste and personal preference, and "in doubtful cases," says Mr. Justice Holmes, "courts have been inclined to sustain agreements of this class as agreements to do the thing in such a way as reasonably ought to satisfy the defendant." Hawkins v. Graham, 149 Mass. 284, 21 N. E. 312, 14 Am. St. Rep. 422; Doll v. Noble, 116 N. Y. 230, 22 N. E. 406, 5 L. R. A. 554. When it is clear, however, as it is in this case, that the contract is to satisfy taste or personal preference, and the objections to the article furnished are honestly urged, a recovery can only be had when the terms prescribed by the parties to the contract are performed. The application of this rule to cases of this character has been made with great uniformity. In the leading case of Brown v. Foster, 113 Mass. 136, 138, 18 Am. Rep. 463, the plaintiff agreed to make the defendant a satisfactory suit of clothes, and, in sustaining the refusal of the defendant to accept the suit of clothes tendered by the plaintiff, the court thus summarized the rule:

"If the plaintiff saw fit to do work upon articles for the defendant and to furnish materials therefor, contracting that the articles when manufactured should be satisfactory to the defendant, he can recover only upon the contract as it was made; and even if the articles furnished by him were such that the other party ought to have been satisfied with them, it was yet in the power of the other to reject them as unsatisfactory. It is not for any one else to decide whether a refusal to accept is or is not reasonable, when the contract permits the defendant to decide himself whether the articles furnished are to his satisfaction. Although the compensation of the plaintiff for valuable services and materials may thus be dependent upon the caprice of another, who unreasonably refuses to accept the articles manufactured, yet he cannot be relieved from the contract into which he has voluntarily entered."

The rule thus enunciated has been repeatedly applied. The following citations illustrate the character of cases where the courts have enforced this rule: Where a playwright agreed to write or alter a play to the satisfaction of an actor (Glenny v. Lacy [City Ct. N. Y.] 1 N. Y. Supp. 513; Haven v. Russell [Sup.] 34 N. Y. Supp. 292), or an artist agrees to furnish a satisfactory portrait (Barry v. Rainey, 57 N. Y. Supp. 766, 27 Misc. Rep. 772; Gibson v. Cranage, 39 Mich. 49, 33 Am. Rep. 351), or a party agrees to make a crayon portrait of the plaintiff and his wife, which, it was agreed, should be a "satisfactory likeness" (Moore v. Goodwin, 43 Hun, 534), or a plaintiff agreed to paint a portrait of the defendant, which the defendant agreed to take, "if his friends should decide that it was a good likeness" (Hoffman v. Gallaher, 6 Daly, 42), or where a publishing company, intending to publish a literary work, reserved the right to reject the contributions which the plaintiff contracted to furnish, "provided we do not consider it up to the proper standard" (Walker v. Thompson Co., 37 App. Div. 536, 56 N. Y. Supp. 326), or where a sculptor agreed to make a plaster bust of the deceased husband of the defendant, which the defendant

was not bound to take, "unless she was satisfied with it" (Zaleski v. Clark, 44 Conn. 218, 26 Am. Rep. 446), or where the plaintiff agreed to instruct the defendant in the art of drafting patterns by scale, and agreed that his services would be satisfactory to the defendant (Johnson v. Bindseil, 8 N. Y. Supp. 485, 15 Daly, 492), or where the defendant gave an order for steel plate drafts and agreed to pay for them, provided the plaintiff "could have a satisfactory design for them" (Gray v. Alabama Nat. Bank [City Ct. N. Y.] 10 N. Y. Supp. 5), or where a person maintaining a school for instruction in the millinery art contracts with a pupil that, if the latter is not satisfied with the teaching, he will refund the fee (Dermody v. Flesher, 22 Misc. Rep. 348, 49 N. Y. Supp. 150), or where the plaintiff agreed to paint a satisfactory pastel portrait of the defendant's wife, and if it was not satisfactory he would paint the defendant one "until satisfied" (Pennington v. Howland, 21 R. I. 65, 41 Atl. 891, 79 Am. St. Rep. 774), or where a coachmaker agrees to build a carriage of a particular kind, which should meet with the defendant's approval, "not only on the score of workmanship, but also of convenience and taste" (Andrews v. Belfield, 89 Eng. Common Law Rep. 779), or where the plaintiff agreed to sell an organ, and stipulated that the trade should be at end if the plaintiff was not satisfied with it (McClure v. Briggs, 58 Vt. 82, 2 Atl. 583, 56 Am. Rep. 557), or where one is employed to write articles for a newspaper on specified subjects so long as his services "shall be satisfactory to the publisher" (Crawford v. Mail and Express Pub. Co., 163 N. Y. 404, 57 N. E. 616), or where two horses were purchased upon condition that, "if they should not suit," the seller would give other horses in place of them (Housding v. Solomon, 127 Mich. 654, 87 N. W. 57). The courts have held in all of the cases, and in many others of a like nature, that all the conditions of such a contract must be performed, and that the law will not afford a party relief from the consequences of his own bargain.

It is clear from an examination of the authorities that this rule is not to be invoked in the ordinary case where goods are contracted to be sold, and the seller boasts of the quality, or becomes overenthusiastic in describing the quality of goods he will deliver. It is to be applied only where it is evidently the intention of the parties to enter into a contract involving the element of taste or personal preference. Where this intention is manifest, the case falls properly within the operation of the rule declared by the cases cited. In such cases, the parties having contracted with special reference to a peculiar standard, no injustice can result in permitting a recovery only in cases where conformity to that standard has been shown. The intent of the parties in making such a contract is a question of fact, and in trials before the court and jury its determination is properly within the province of the latter. The rule applied in these cases, holding a party bound by the difficult and uncertain contract which he makes, does not permit the other party to the contract to avoid payment, when the claim of dissatisfaction is pretended, and not real, or where it is shown to be dishonestly made. Glenny v. Lacy (City Ct. N. Y.) 1 N. Y. Supp. 513; McClure v. Briggs, 58 Vt. 82, 2 Atl. 583, 56 Am. Rep. 557.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.