### GINSBERG v. FRIEDMAN.

(Supreme Court, Appellate Term. November 11, 1910.)

1. MASTER AND SERVANT (§ 21*)—EMPLOYMENT CONTRACT—BREACH—SATISFACTION.

Where an employment contract provided that plaintiff's work should at all times be to the satisfaction of the defendant, who should be the sole judge thereof, defendant's claim of dissatisfaction, in order to justify a discharge, must be real and honest, and not a mere pretense.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 21; Dec. Dig. § 21.*]

2. MASTER AND SERVANT (§ 21*)—DISCHARGE—CONDONATION OF OFFENSES.

Where an employment contract required that plaintiff's work should at all times be to defendant's satisfaction, the rule that defendant could not discharge plaintiff for unsatisfactory work, of which defendant had previously complained, but for which he had not discharged plaintiff, did not apply, where the unsatisfactory character of plaintiff's services was alleged to be continuous, and to have immediately preceded his ultimate discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 21; Dec. Dig. § 21.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. MASTER AND SERVANT (§ 41*)—CONTRACT FOR SERVICES—BREACH—COMMIS-
   SIONS.

   Where plaintiff was employed as a designer in a cloak and suit house
   for a fixed weekly salary plus 1 per cent. of the amounts of cash ac-
   tually paid to defendant for merchandise sold by him during the term of
   employment, the contract contemplated no effort on plaintiff's part to
   bring about sales, and hence, having been broken by defendant, the
   court did not err in allowing commissions on receipts subsequent to plain-
   tiff's discharge.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
   50–53; Dec. Dig. § 41.*]

Appeal from City Court of New York, Trial Term.

Action by Charles Ginsberg against Bernard Friedman. From a
judgment for plaintiff, and from an order denying defendant's motion
for a new trial, he appeals. Affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Jacob Friedman, for appellant.
Manheim & Manheim, for respondent.

BIJUR, J. This action was brought to recover damages for breach
of a contract of employment whereunder plaintiff was employed at a
fixed salary per week from December 21, 1908, to November 1, 1909,
plus 1 per cent. of the "amounts of cash actually paid to the party of
the first part for merchandise sold by him during the said term." It
was also provided that the plaintiff should design cloaks and suits,
"which shall at all times be to the satisfaction of the defendant," who
"shall be the sole judge thereof." Plaintiff was discharged without
cause, as he claims, in June, 1909.

Defendant's principal contentions are: First, that he was entitled
to discharge the plaintiff whenever he chose, because of the provi-
sion that the work was to be done to his satisfaction; but the rule is
clear, as laid down by Mr. Justice Seabury in Haehnel v. Trostler,
54 Misc. Rep. 262, 104 N. Y. Supp. 533, that the claim of dissatisfac-
tion must be real, and honestly urged, and not a mere pretense. Sec-
ond, that as plaintiff admitted that defendant had criticised him early
in June, 1909, and nevertheless retained him, the jury may have be-
lieved that the plaintiff's shortcomings had been condoned, and that
the court should have charged to the contrary; but that rule does not
apply in a case like the present, where the offenses were alleged to
have been continuous and to have immediately preceded the discharge.
Gray v. Shepard, 147 N. Y. 177, 41 N. E. 500. There was no claim
made at the trial by plaintiff that his various offenses had been con-
doned, and the court's charge, at folio 491 is entirely favorable to de-
fendant on this point. Third, that the court erred in allowing the 1
per cent. commission to be figured on the receipts of defendant sub-
sequent to plaintiff's discharge and after a new designer had been
employed, citing Dunham v. Hastings Pavement Co., 95 App. Div.
360, 88 N. Y. Supp. 835; but in that case the subsequent receipts
were on contracts which the agreement in suit made it the duty of the
plaintiff personally to obtain, and the court naturally held that receipts

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from contracts obtained by defendant's successor furnished no correct measure of defendant's damage. The agreement in the case at bar, however, contemplates no effort on the part of plaintiff to bring about sales, and the rule, therefore, has no application.

On all the above points, as well as in respect of the other objections urged by appellant, I find that the charge of the trial judge was so elaborate, careful, and sound in law that the appellant was prejudiced in no wise, and that the verdict of the jury should not be disturbed.

Judgment affirmed, with costs. All concur.