brought in Virginia, and the agreement, which was introduced in evidence by the defendant, contained this additional provision:

"I also agree to pay you promptly the amount of your disbursements in such suits and proceedings; it being understood that any sums paid by me with your approval for fees of other attorneys or counsel, in Virginia or elsewhere, shall be charged against or deducted from your said compensation."

Plaintiff introduced in evidence, also, a letter written by defendant to the Virginia attorneys, after their employment by her New York attorneys, ratifying their employment, and promising to pay their reasonable fees and disbursements. No evidence was introduced by the defendant in contradiction of plaintiff's evidence as to the claim for fees due the Virginia attorneys, and plaintiff was therefore entitled to recover on this claim. Though the evidence as to value was undisputed, it being expert evidence only, the value of said fees was properly left to the jury; but their verdict in favor of the defendant on this claim was not merely against the weight of evidence, but was unsupported by any evidence.

[2] As to the second claim assigned to plaintiff, the claim for disbursements made by the New York attorneys, evidence was erroneously admitted, over the objection and exception of plaintiff's counsel, which it was claimed established payment of the disbursements in question. The answer was a general denial. Payment was not pleaded. No attempt was made to amend the pleadings during the trial. It is elementary that the defense of payment must be pleaded (McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696), and the admission of this evidence was reversible error. The evidence introduced, however, failed utterly to establish payment of the items set forth in the claim of defendant's New York attorneys, but merely showed payments aggregating in amount less than the aggregate credits given defendant on the bill rendered her for disbursements by her New York attorneys.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(78 Misc. Rep. 152.)

### CAFFE v. NEWARK AUTOMOBILE MFG. CO.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

PRINCIPAL AND AGENT (§ 81*)—COMPENSATION—BREACH OF CONTRACT BY PRINCIPAL—ACTS CONSTITUTING BREACH.

In an agreement whereby plaintiff was to have the exclusive right to sell a certain amount of the stock of the defendant corporation for a fixed commission, a provision that "a signed subscription and 25 per cent. in cash was to constitute a sale" was only intended to limit the terms upon which plaintiff might sell, and not to enable the corporation to sell its stock upon different or less stringent terms; so that its sale of stock in exchange for merchandise and patent rights during the term of the agreement was a breach thereof, entitling plaintiff to damages equal to the commissions he would have earned on such sales.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 194–214, 219, 223; Dec. Dig. § 81.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Michel P. Caffe against the Newark Automobile Manufacturing Company. From a judgment of the City Court of the City of New York, entered by direction of the court in favor of the defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Ferguson & Ferguson, of New York City (L. C. Ferguson, of New York City, of counsel), for appellant.

Louis Fridiger, of New York City, for respondent.

SEABURY, J. This action is brought to recover the sum of $5,000 arising out of a breach of an agreement between the plaintiff's assignor and the defendant. Under the agreement sued upon the plaintiff's assignor had the *exclusive* right to sell $160,000 worth of stock of the defendant corporation, and was to receive therefor a commission of 15 per cent. on all sales of said stock. The agreement provided that, in so far as the plaintiff's assignor was concerned, "a signed subscription and 25 per cent. in cash was to constitute a sale." The plaintiff proved that, before the exclusive right of his assignor to sell stock had expired, the defendant sold over $6,200 worth of stock to various persons in exchange for merchandise and patent rights. The learned court below directed a verdict for the defendant, upon the ground that the plaintiff could not recover commissions for sales made by defendant, because those sales were not made upon the terms upon which, under the agreement, the plaintiff's assignor was limited to selling.

We think that this ruling was incorrect. The contract gave the plaintiff's assignor the exclusive right to sell stock. This right was inconsistent with any right on the part of the defendant to sell stock. The provision in the contract that a signed subscription and 25 per cent. payment in cash should constitute a sale was intended to limit the terms upon which the plaintiff's assignor was authorized to sell the stock. It was not intended to mean that the defendant could sell stocks, provided it sold them upon different or less stringent terms than those upon which the plaintiff's assignor was required to sell. Such a construction of the contract would render the exclusive privilege to the plaintiff's assignor valueless. As we construe the contract, its meaning is that the plaintiff had the exclusive right to sell $160,000 worth of stock, and that he was only authorized to sell upon obtaining a subscription and 25 per cent. cash, and that, while this exclusive privilege was outstanding, the defendant had no right to sell stock, and, if it did sell, the plaintiff was entitled to recover damages equaling the commissions that he would have earned upon such sales, even though the defendant sold upon terms different from those upon which the plaintiff's assignor was limited to selling.

It follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.