EDMUND M. GRANT, JR., Respondent, *v.* ALEX ABRASH, Appellant.

First Department, April 9, 1920.

Principal and agent — action for breach of contract appointing exclusive sales agent — repudiation of contract by principal — damages — expense of carrying principal's account after repudiation of agency.

Action for the breach of a contract appointing the plaintiff's assignors as exclusive factors and sales agent for the sale of the products of the defendant's mills for a certain period with a right of renewal from year to year

unless one of the parties gave notice on the first of October of his election to terminate the contract on the last day of the following December. Evidence examined, and *held*, sufficient to justify a finding that the defendant consented to and ratified a sale made by one of the plaintiff's assignors below the invoiced price of the goods.

Where the defendant refused to consign any more goods to the factors in August, and, before the right to terminate the contract by notice had arrived, sold the goods directly to customers without employing either of the factors who had the exclusive right of sale, and the evidence shows' that there was an increasing demand for the goods, there is a proper basis for the computation of damages.

But it was improper under the circumstances to allow a verdict without making any deduction for the cost of performance by the factors and the sales agent for the balance of the year and judgment for the plaintiff will be reversed unless he stipulates to reduce the recovery by said amount.

APPEAL by the defendant, Alex Abrash, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of June, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 25th day of June, 1919, denying defendant's motion for a new trial made upon the minutes.

*George Edwin Joseph* of counsel [*Samuel J. Rawak,* attorney], for the appellant.

*Joseph M. Proskauer* of counsel [*Charles F. Bailey* with him on the brief; *Gleason, Vogel & Proskauer,* attorneys], for the respondent.

LAUGHLIN, J.:

Defendant is a manufacturer of silk goods. On the 2d day of May, 1916, he entered into an agreement with the firm of Schefer, Schramm & Vogel, by which he constituted them his exclusive factors for the sale of all of the products of his mills for the period commencing on the 30th day of May, 1916, and ending on the thirty-first day of December that year. The contract was to be automatically renewed from year to year, unless one of the parties gave notice on or before October first, any year, including the first, of his election to have it terminate on the thirty-first of December thereafter. The defendant at the same time employed one Lang as a selling agent. The selling prices of the goods were to be fixed by the

defendant. Lang on the said 2d day of May, 1916, wrote the defendant confirming a conversation between them to the effect that he was to sell no goods under the invoiced prices " without a specific consent " of the defendant. The parties entered upon the performance of the contract as contemplated, but about the middle of August, 1916, the defendant refused to consign any more goods to the factors pursuant to his contract with them. The factors and Lang assigned their claims against the defendant for breaches of their respective contracts to the plaintiff who brought this action to recover therefor. A question of fact arose under the pleadings and on the evidence as to whether Lang breached his agreement not to sell goods below the prices at which they were invoiced to the factors without the specific consent of the defendant. . That he did sell goods below the invoiced prices thereof was conceded, but there was evidence that defendant admitted to Lang that they had been invoiced above the market price thereof and that he consented to and ratified such sales. That issue was submitted to the jury and they found in favor of the plaintiff. We have examined the record in the light of the contention made in behalf of the appellant that the evidence was insufficient to show that the defendant so consented to such sales and we are of opinion that the evidence was ample to sustain the verdict on that issue.

The evidence on the part of the plaintiff showed that the defendant refused to live up to his contract for the reason that the demand for the goods was such that he could sell them at the mills without employing either factors or a sales agent and that he sold considerable of the output of his mills in violation of his contract to sell exclusively through his factors and Lang. The defendant duly exercised his option to terminate the contract at the end of the year 1916, but nevertheless the factors and Lang had the exclusive right under the contract to handle all the products of the defendant's mills until the end of the year. The factors and Lang together were to receive eight per cent on the amount of the sales each month and they divided this equally. The recovery has been had on the theory that if the defendant had not breached the contract, his factors and sales agent would have sold the same amount of goods for that year that he sold in violation

of the contract. The evidence shows that there was an increasing demand for the goods and although the contract did not expressly provide that he should invoice the goods to the factors at the market price thereof, that was the intention of the parties. Lang was an experienced and well-known sales agent of that class of goods. In the circumstances the sales made by the defendant in violation of the contract giving the factors and sales agent the exclusive right to handle and sell the goods, afford a proper basis for the computation of the damages. (*Caffe* v. *Newark Automobile Mfg. Co.,* 78 Misc. Rep. 152.) The verdict was rendered on that theory but without any deduction for the cost of performance by the factors and Lang for the balance of the year. The trial court left it to the jury to determine whether or not the defendant unequivocally repudiated the contract before the end of the year, with instructions that if they found that he did, then the cost of performance, from which the assignors were thereby relieved, should be deducted. The jury made no deduction. This point was not very clearly presented to the jury and it is doubtful whether they fully understood it, for we regard the evidence, although not wholly uncontroverted, as fairly preponderating to the effect that the assignors knew by the middle of August that the defendant did not intend to consign any more goods under the contract. Lang testified that the defendant definitely and unequivocally so informed him and assigned as a reason that he could save the commissions by selling at the mills without employing factors or a sales agent. The factors, by correspondence with defendant shortly thereafter, were given to understand that he would not consign any more goods on the ground that Lang, without his consent, had been selling goods at prices lower than those at which they were invoiced. There is some testimony to the effect that the defendant promised after the middle of August to consign more goods but it is controverted and he did not consign them. The evidence shows that the cost to the factors of carrying the defendant's account during the period during which he did not consign any goods to them was $1,000 and Lang testified that the cost to him of carrying defendant's account was $25 per month. With notice from defendant that they were not

to receive any more goods on consignment, there was no occasion for the assignors remaining prepared to perform the contract, which they knew the defendant had repudiated, and thereby incurring these expenses. (*Dunham* v. *Hastings Pavement Co.*, 95 App. Div. 360; *Napier* v. *Spielmann*, 127 id. 711, 721.)

The judgment and order should be reversed and a new trial granted, with costs 'to appellant to abide the event, unless the plaintiff shall stipulate to reduce the recovery by $1,112.50, and if he shall so stipulate, the judgment will be modified accordingly and affirmed as modified, with costs to appellant.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce recovery by $1,112.50; in which event the judgment, as so modified, and the order appealed from are affirmed, with costs to appellant. Settle order on notice.