■ ELEANORA ROMA, Respondent, v LEONARD PEMBRIDGE, Doing Business as ELLIS BROS. & PEMBRIDGE, Appellant, and ROGER BURD, Defendant and Third-Party Plaintiff. MARIO ROMA et al., Third-Party Defendants.— Appeal from a judgment of the County Court of Broome County, entered December 4, 1975, which granted plaintiff nominal damages in a contract action and dismissed defendants' counterclaims. This is an action upon an executory contract pursuant to which defendants were engaged to excavate and pour the foundation for a home to be built for plaintiff and her husband, Mario Roma. Prior to the pouring of the foundation, Mario Roma testified that he instructed defendant Pembridge not to go forward with the work because, the way the forms were situated, the cellar was going to be too high, but Pembridge nonetheless went forward and completed the job. This action resulted wherein plaintiff sought damages because of her dissatisfaction with defendants' work and defendants counterclaimed to recover for services rendered. Crediting Mario Roma's testimony and disbelieving testimony to the contrary presented by defendants, the trial court ruled in favor of plaintiff based upon defendants' duty to stop work when so directed by Mario Roma (Dunham v Hastings Pavement Co., 95 App Div 360). It further held that, since plaintiff continued with the construction of the home, her damages were nominal in the amount of $1 from each defendant. Defendants' counterclaims for services rendered were dismissed. Only defendant Pembridge appeals, and we find his arguments without merit. The

central issue presented is whether defendants were instructed by Mario Roma to stop work. Such being the case, questions solely of fact and credibility are involved and evidence in the record amply supports the trial court's resolution thereof. Accordingly, its judgment must be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.